IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.

UNITED STATES OF AMERICA,

　　　　　Plaintiff,

v.

1.　　MARTIN JAVIER ALAMOS-GARCIA,
2.　　NOE ALAMOS-MONTES,
3.　　DIONISIO SALGADO-MEZA,
4.　　EFRAIN SALGADO-MEZA,
5.　　MARIBEL SALGADO,
　　　　AKA "CLARA SANCHEZ," and
6.　　MARISELA SALGADO,

　　　　　Defendants.

---

**INDICTMENT**
21 U.S.C. § 846
21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii)(II)
21 U.S.C. § 843(b)
18 U.S.C. § 1956 (h)
18 U.S.C. § 1956 (a)(1)(B)(i)
18 U.S.C. § 1956 (a)(1)(B)(ii)
31 U.S.C. § 5324(a)(1)(3)
18 U.S.C. § 1028A(a)(1) and (c)(11)

---

The Grand Jury charges that:

**COUNT 1**

From on or about May, 2002, through on or about and between December 13, 2010,

both dates being approximate and inclusive, within the State and District of Colorado, and

elsewhere, the defendants,

**MARTIN JAVIER ALAMOS-GARCIA,**
**NOE ALAMOS-MONTES and**
**DIONISIO SALGADO-MEZA,**

did knowingly and intentionally conspire with each other and others, both known and unknown to the Grand Jury,  to distribute, and possess with intent to distribute, 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(ii)(II).

All in violation of Title 21, United States Code, Section 846.

### COUNT 2

On or about December 10, 2009, within the State and District of Colorado, and elsewhere, the defendants,

**MARTIN JAVIER ALAMOS-GARCIA and
DIONISIO SALGADO-MEZA**

did knowingly and intentionally use a communication facility, the telephone, in committing or in causing and facilitating the commission of an act or acts constituting one and more felonies, to wit: conspiracy to distribute, and possess with the intent to distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

### COUNT 3

On or about December 21, 2009, within the State and District of Colorado, and elsewhere, the defendants,

**NOE ALAMOS-MONTES and
DIONISIO SALGADO-MEZA,**

did knowingly and intentionally use a communication facility, the telephone, in committing or in causing and facilitating the commission of an act or acts constituting one and more felonies, to wit: conspiracy to distribute, and possess with the intent to distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

## COUNT 4

On or about December 23, 2009, within the State and District of Colorado, and elsewhere, the defendant,

**DIONISIO SALGADO-MEZA,**

did knowingly and intentionally use a communication facility, the telephone, in committing or in causing and facilitating the commission of an act or acts constituting one and more felonies, to wit: conspiracy to distribute, and possess with the intent to distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

## COUNT 5

On or about January 7, 2010, within the State and District of Colorado, and elsewhere, the defendants,

**NOE ALAMOS-MONTES and**
**DIONISIO SALGADO-MEZA**,

3

did knowingly and intentionally use a communication facility, the telephone, in committing or in causing and facilitating the commission of an act or acts constituting one and more felonies, to wit: conspiracy to distribute, and possess with the intent to distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

## COUNT 6

On or about March 15, 2010, within the State and District of Colorado, and elsewhere, the defendant,

### DIONISIO SALGADO-MEZA,

did knowingly and intentionally use a communication facility, the telephone, in committing or in causing and facilitating the commission of an act or acts constituting one and more felonies, to wit: conspiracy to distribute, and possess with the intent to distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

## COUNT 7

On or about March 19, 2010, within the State and District of Colorado, and elsewhere, the defendants,

### DIONISIO SALGADO-MEZA and
### MARIBEL SALGADO, AKA "CLARA SANCHEZ,"

did knowingly and intentionally use a communication facility, the telephone, in committing or in causing and facilitating the commission of an act or acts constituting one and more

4

felonies, to wit: conspiracy to distribute, and possess with the intent to distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

## COUNT 8

From on or about January 11, 2005, through December 14, 2010, in the District of Colorado, and elsewhere, the defendants,

**DIONISIO SALGADO-MEZA and
MARIBEL SALGADO, AKA "CLARA SANCHEZ,"**

did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

(a) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, conspiracy to distribute controlled substances in violation of Title 21, United States Code, Section 846, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); or

(b) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of

5

specified unlawful activity, that is, conspiracy to distribute controlled substances in violation of Title 21, United States Code, Section 846, knowing that the transaction was designed in whole and in part to avoid a transaction reporting requirement under State or Federal law, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii).

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

1.  On January 11, 2005, CLARA SANCHEZ opened personal checking account #70417843, used to deposit U.S. Currency, in her name alone, utilizing SSN XXX-XX-3855, which SSN belongs to another individual.

2.  On October 24, 2005, DIONISIO SALGADO opened business checking account #70419427, used to deposit U.S. Currency, styled in the name of Crown Cleaning Services.

3.  On Friday, August 11, 2006, CLARA SANCHEZ deposited $7,400 in U.S. Currency into her personal checking account at American National Bank, account #70417843.

4.  On Friday, August 11, 2006, DIONISIO SALGADO deposited $7,400 in U.S. Currency into his personal checking account at Wells Fargo Bank, account #7315002163.

5.  On Thursday, August 17, 2006, CLARA SANCHEZ deposited $5,000 in U.S. Currency into her personal checking account at American National Bank, account #70417843.

6.      On Monday, August 21, 2006, DIONISIO SALGADO deposited $4,700 in U.S. Currency into his personal checking account at Wells Fargo Bank, account #7315002163.

7.      On Monday, August 28, 2006, CLARA SANCHEZ transferred $12,500 from her personal checking account at American National Bank, account #70417843, to DIONISIO SALGADO's Crown Cleaning Services business checking account # 70419427 at American National Bank.

8.      On Wednesday, August 30, 2006, DIONISIO SALGADO purchased a $181,445.92 Official Check #308950, payable to Land Title Guarantee Company, for the purchase of vacant lot 375 Red Fox Drive, Gypsum, Colorado, with proceeds from his Crown Cleaning Services business checking account #70419427.

9.      From August 20, 2006, through April 30, 2010, DIONISIO SALGADO deposited over $40,000 in U.S. Currency into his Crown Cleaning Services business checking account at American National Bank, account #70419427.

10.     On Friday, October 6, 2006, DIONISIO SALGADO deposited $7,800 in U.S. Currency into his Crown Cleaning Services business checking account at American National Bank, account #70419427.

11.     On Tuesday, October 10, 2006, CLARA SANCHEZ deposited $3,900 in U.S. Currency into her personal checking account at American National Bank, account #70417843.

12.     On Tuesday, October 10, 2006, DIONISIO SALGADO deposited $4,000 in U.S. Currency into his personal checking account at Wells Fargo Bank, account #7315002163.

13.     On Thursday, October 19, 2006, CLARA SANCHEZ deposited $4,890 in U.S. Currency into her personal checking account at American National Bank, account #70417843.

14.     On Monday, October 30, 2006, DIONISIO SALGADO deposited $4,800 in U.S. Currency into his Crown Cleaning Services business checking account at American National Bank, account #70419427.

15.     On Tuesday, October 31, 2006, CLARA SANCHEZ transferred $8,000 from her personal checking account at American National Bank, account #70417843, to DIONISIO SALGADO's Crown Cleaning Services business checking at American National Bank, account #70419427.

16.     On Wednesday, November 1, 2006, DIONISIO SALGADO transferred $16,000 from his personal checking account at Wells Fargo Bank, account #7315002163, to his Crown Cleaning Services business checking account # 70419427 at American National Bank.

17.     On Friday, November 3, 2006, DIONISIO SALGADO purchased Official Check #329328 in the amount of $45,091.72, dated November 3, 2006, and payable to First American Heritage Title Company, representing full payment at closing for the purchase of 365 Chatfield Lane, Gypsum, Colorado, with proceeds from his Crown Cleaning Services business checking account #70419427 at American National Bank.

18.     From November 3, 2006, through December 31, 2008, $9,800 in U.S. Currency was deposited into the Crown Cleaning Services business checking account # 70419427 at American National Bank under the exclusive control of DIONISIO SALGADO.

19.     On Monday, April 9, 2007, a $9,999 payment on SALGADO's $44,900 real estate loan, used in part to purchase 365 Chatfield Lane, Gypsum, Colorado, was made electronically to Countrywide Mortgage from the Crown Cleaning Services business checking account #70419427 at American National Bank under the exclusive control of DIONISIO SALGADO.

20.     On Monday, April 9, 2007, DIONISIO SALGADO deposited a $900 check from Kenneth Friedman into his Wells Fargo Bank, account #7315002163.

21.     On Tuesday, May 29, 2007, DIONISIO SALGADO deposited $3,000 in U.S. Currency into his personal checking account at Wells Fargo Bank, account #7315002163.

22.     On Wednesday, June 6, 2007, DIONISIO SALGADO deposited $5,000 in U.S. Currency into his business checking account, Crown Cleaning Services at American National Bank, account #70419427.

23.     On Monday, June 25, 2007, DIONISIO SALGADO deposited $4,800 in U.S. Currency into his business checking account, Crown Cleaning Services at American National Bank, account #70419427.

24.     On August 16, 2007, a payment of $5,000 was made to Countrywide Mortgage on SALGADO's $44,900 real estate loan, used in part to purchase 365 Chatfield Lane, Gypsum, Colorado, with a $5,000 check, dated August 13, 2007, and drawn on the Crown Cleaning Services business checking account #70419427 at American National Bank under the exclusive control of DIONISIO SALGADO.

25.     On Friday, April 11, 2008, a payment of $10,000 was made to Countrywide Mortgage on SALGADO's $44,900 real estate loan, used in part to purchase 365 Chatfield Lane, Gypsum, Colorado,  with a $10,000 check, dated April 9, 2008, and drawn on the Crown Cleaning Services business checking account #70419427 at American National Bank under the exclusive control of DIONISIO SALGADO.

26.     On Friday, May 16, 2008, a payment of $10,000 was made to Countrywide Mortgage on SALGADO's $44,900 real estate loan, used in part to purchase 365 Chatfield Lane, Gypsum, Colorado, with a $10,000 check, dated May 12, 2008, and drawn on the Crown Cleaning Services business checking account #70419427 at American National Bank under the exclusive control of DIONISIO SALGADO.

27.     On Thursday, December 11, 2008, a payment of $10,000 was made to Countrywide Mortgage on SALGADO's $44,900 real estate loan, used in part to purchase 365 Chatfield Lane, Gypsum, Colorado, with a $10,000 check, dated December 8, 2008, and drawn on the Crown Cleaning Services business checking account #70419427 at American National Bank under the exclusive control of DIONISIO SALGADO.

28.　　On Wednesday, January 7, 2009, at 10:56 am, CLARA SANCHEZ deposited $9,000 in U.S. Currency into her personal checking account at American National Bank, account #70417843.

29.　　On Wednesday, January 7, 2009, at 9:26 am DIONISIO SALGADO deposited $9,000 in U.S. Currency into his business checking account, Crown Cleaning Services at American National Bank, account #70419427.

30.　　On Tuesday, January 13, 2009, at approximately 3:35 pm, CLARA SANCHEZ deposited $9,000 in U.S. Currency into her personal checking account at American National Bank, account #70417843.

31.　　On Tuesday, January 13, 2009, at approximately 12:01 pm, DIONISIO SALGADO deposited $9,000 in U.S. Currency into his business checking account, Crown Cleaning Services at American National Bank, account #70419427.

32.　　On January 16, 2009, CLARA SANCHEZ transferred $18,000 from her personal checking account at American National Bank, account #70417843, to DIONISIO SALGADO's personal checking account at Wells Fargo Bank, account #7315002163.

33.　　On January 16, 2009, DIONISIO SALGADO transferred $18,000 from his Crown Cleaning Services business checking account at American National Bank, account #70419427, to his personal checking account at Wells Fargo Bank, account #7315002163.

34.　　On January 20, 2009, DIONISIO SALGADO issued check #1509, dated January 20, 2009, payable to Desarrollos Turisticos Marina Mazatlan Sa de CV in the amount of $54,854, drawn on his personal checking account at Wells Fargo Bank, account #7315002163, for the purchase of Lot 271.

35.　　On Thursday, July, 16, 2009, CLARA SANCHEZ deposited a $1,000 Montgomery Currency Exchange Western Union Money Order No. 410061, dated July 14, 2009, payable to and endorsed by CLARA SANCHEZ into her personal checking account at American National Bank, account #70417843.

36. On Thursday, October 22, 2009, at approximately 4:49 pm, CLARA SANCHEZ deposited $3,000 in U.S. Currency into her personal checking account at American National Bank, account #70417843.

37. On Tuesday, December 22, 2009, at approximately 10:25 AM, CLARA SANCHEZ called DIONISIO SALGADO. SANCHEZ asked SALGADO, "So, my love? Which one are you going to give me? Which check are you going to give me?" SALGADO asked SANCHEZ, "Oh, really? Two got there?" SALGADO then told SANCHEZ, "No, no, no, they're not mine, they're PILO's."

38. On Tuesday, December 22, 2009, at approximately 2:26 PM, DIONISIO SALGADO called PILO at Mexico Nextel PTT number 62*197413*6 and told PILO that his (SALGADO'S) wife had called and the two "letters" had arrived. PILO asked if SALGADO could deposit them (the letters) to an account. SALGADO told PILO that he was going to deposit the money to his (SALGADO'S) account and then take the money out for PILO. SALGADO told PILO that if (SALGADO) cashed "it" (the checks), he (SALGADO) would get charged a lot. PILO told SALGADO he would give him (SALGADO) a number for a friend in Douglas (Arizona) for him (SALGADO) to send it. PILO told SALGADO his name was "FIDEL."

39. On Tuesday, December 22, 2009, at approximately 6:41 PM, DIONISIO SALGADO called ISRAEL AGUIRRE-CARRETE at Sprint-Nextel number (630) 625-2652. AGUIRRE-CARRETE asked SALGADO if he (SALGADO) had gotten "that." SALGADO said he had just gone to the Post Office and it was there. AGUIRRE-CARRETE told SALGADO to call PILO to let him know. SALGADO told AGUIRRE-CARRETE that he had already called PILO to let him know, and PILO was going to give SALGADO an account number.

40. On Wednesday, December 23, 2009, at approximately 12:39 PM, DIONISIO SALGADO called FIDEL BARRON at PTT number 128*133555*8. SALGADO asked BARRON for the account number at Wells Fargo. BARRON said he only had account information for Bank of America. SALGADO told BARRON that it would not work if the accounts were at different banks. BARRON said SALGADO had deposited with him (BARRON) before. SALGADO told BARRON no, that had been a "buddy further up." SALGADO said he (SALGADO) was in Colorado, and the other guy who made a deposit was in Chicago.

11

41.     On Wednesday, December 23, 2009, at approximately 3:54 PM, DIONISIO SALGADO called PILO at Mexico PTT number 62*197413*6.  SALGADO told PILO that he (SALGADO) had gone to Wells Fargo and asked about sending the money "down there" (Mexico).  SALGADO told PILO that Wells Fargo told him (SALGADO) that he could send it from Wells Fargo to Mexico, but they needed an address for someone in Mexico.  PILO told SALGADO he would get an address for SALGADO.

42.     On Wednesday, December 23, 2009, at approximately 3:56 PM, DIONISIO SALGADO called PILO at Mexico PTT number 62*197413*6.  PILO provided SALGADO with an address in Mexico to send the money, Calle Cerrada San Pedro, #147, Colonia La Gloria, Guamuchil, Sinaloa.  PILO also provided the telephone number, 6-734-2908.

43.     On Wednesday, December 23, 2009, at approximately 4:07 PM, PILO called SALGADO using Mexico PTT number 62*197413*6.  SALGADO asked PILO what bank PILO wanted the money sent to.  PILO told SALGADO to send it to HSBC.

44.     On Wednesday, December 23, 2009, at approximately 4:15 PM, DIONISIO SALGADO called PILO at Mexico PTT number 62*197413*6.  SALGADO provided PILO with account number 40936111086.  SALGADO told PILO that it would be 24,628.89 (24628.89 pesos/12.6302 = $1,950.00).  SALGADO told PILO that he only deposited $1,950 because he (SALGADO) thought the bank would charge him $40 to send the money, but the bank only charged $2.50.

45.     On Wednesday December 23, 2009, DIONISIO SALGADO deposited a $1,000 Money Gram International Money Order #R201845287303, dated December 16, 2009, from ISRAEL AGUIRRE-CARRETE into his personal checking account at Wells Fargo account #7315002163.

46.     On Wednesday December 23, 2009 DIONISIO SALGADO deposited a $1,000 New Oswego Currency Exchange, Inc. Money Order # 337379, dated December 17, 2009 ISRAEL AGUIRRE-CARRETE into his personal checking account at Wells Fargo account #7315002163.

47.     On Friday, March 12, 2010, ISRAEL AGUIRRE-CARRETE received five (5) kilos of cocaine in Illinois from PILO in Mexico.

48.     On Friday, March 12, 2010, at approximately 3:05 PM, DIONISIO SALGADO called ISRAEL AGUIRRE-CARRETE at cellular telephone (773) 827-0461. SALGADO asked AGUIRRE-CARRETE what had happened, and if "they" had called AGUIRRE-CARRETE. AGUIRRE-CARRETE told SALGADO that it was done, and he would call SALGADO later. SALGADO asked if "they" had arrived. AGUIRRE-CARRETE said yes and that the "presents" were there, and he would call him (SALGADO) later.

49.     On Monday, March 15, 2010, at approximately 9:57 AM, DIONISIO SALGADO called ISRAEL AGUIRRE-CARRETE at cellular telephone (773) 827-0461. SALGADO asked AGUIRRE-CARRETE how things were going there. AGUIRRE-CARRETE told SALGADO that everything was good and that he (AGUIRRE-CARRETE) would be sending him (SALGADO) the "wedding invitation" later on. AGUIRRE-CARRETE told SALGADO that he (AGUIRRE-CARRETE) told PILO that he (AGUIRRE-CARRETE) would send SALGADO one (1) and a half (½).

50.     On Monday, March 15, 2010, at approximately 6:05 PM, DIONISIO SALGADO was called by ISRAEL AGUIRRE-CARRETE using cellular telephone (773) 827-0461. AGUIRRE-CARRETE told SALGADO that he (AGUIRRE-CARRETE) had sent him (SALGADO) the "invitation" (money).

51.     On Thursday, March 18, 2010, at approximately 3:49 PM, DIONISIO SALGADO was called by ISRAEL AGUIRRE-CARRETE using cellular telephone (773) 827-0461. SALGADO asked AGUIRRE-CARRETE when he sent the "letter." AGUIRRE-CARRETE told him (SALGADO) that he had sent it the day before yesterday and that it had been sent standard. SALGADO thought out loud to AGUIRRE-CARRETE that perhaps the letter would arrive tomorrow.

52.     On Friday, March 19, 2010, at approximately 2:42 PM, DIONISIO SALGADO was called by his wife, "MARI," (CLARA SANCHEZ), using cellular telephone (970) 471-0335. SANCHEZ told SALGADO that they had made a fuss at the bank. SANCHEZ asked SALGADO if they had ever signed the money orders. SALGADO told SANCHEZ, "no."

SANCHEZ explained to SALGADO that it didn't have the name of the person who had sent it.   SANCHEZ told SALGADO that she had deposited it.

53.   On Friday, March 19, 2010, at approximately 4:03 PM, DIONISIO SALGADO was called by ISRAEL AGUIRRE-CARRETE using cellular telephone (773) 827-0461.   AGUIRRE-CARRETE asked SALGADO if he had gotten the invitation to the party.   SALGADO told AGUIRRE-CARRETE that MARIBEL (CLARA SANCHEZ) had called him an hour ago and said that he (SALGADO) had gotten a letter from ISRAEL.   SALGADO asked AGUIRRE-CARRETE if they (money orders) had been sent blank.   AGUIRRE-CARRETE said "yes," so that he (SALGADO) could fill it out.   AGUIRRE-CARRETE told SALGADO he sent two (2) "invitations."

54.   On Friday, March 19, 2010, CLARA SANCHEZ deposited a $1,000 Aurora New York Street  24 Hr. Currency Exchange Inc. Money Order No. 1919467, dated March 15, 2010, payable to and endorsed by CLARA SANCHEZ into her personal checking account #70417843 at American National Bank.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT 9

On or about August 11, 2006, within the State and District of Colorado, and elsewhere, the defendant,

### DIONISIO SALGADO-MEZA,

did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce and foreign commerce, the deposit of $7,400 in U.S. currency, which transaction involved the proceeds of specified unlawful activity, that is, conspiracy to distribute controlled substances in violation of Title 21, United States Code, Section 846, knowing that the transaction was designed in whole and in part to avoid a transaction reporting

14

requirement under State or Federal law, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii).

## COUNT 10

On or about August 11, 2006, within the State and District of Colorado, and elsewhere, the defendant,

### MARIBEL SALGADO, AKA "CLARA SANCHEZ,"

did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce and foreign commerce, the deposit of $7,400 in U.S. currency, which transaction involved the proceeds of specified unlawful activity, that is, conspiracy to distribute controlled substances in violation of Title 21, United States Code, Section 846, knowing that the transaction was designed in whole and in part to avoid a transaction reporting requirement under State or Federal law, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii).

**COUNT 11**

On or about January 7, 2009, within the State and District of Colorado, and elsewhere, the defendant,

**DIONISIO SALGADO-MEZA,**

did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce and foreign commerce, the deposit of $9,000 in U.S. currency, which transaction involved the proceeds of specified unlawful activity, that is, conspiracy to distribute controlled substances in violation of Title 21, United States Code, Section 846, knowing that the transaction was designed in whole and in part to avoid a transaction reporting requirement under State or Federal law, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii).

**COUNT 12**

On or about January 7, 2009, within the State and District of Colorado, and elsewhere, the defendant,

**MARIBEL SALGADO, AKA "CLARA SANCHEZ,"**

did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce and foreign commerce, the deposit of $9,000 in U.S. currency, which transaction involved the proceeds of specified unlawful activity, that is, conspiracy to distribute controlled substances in violation of Title 21, United States Code, Section 846, knowing that

16

the transaction was designed in whole and in part to avoid a transaction reporting requirement under State or Federal law, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii).

## COUNT 13

On or about January 13, 2009, within the State and District of Colorado, and elsewhere, the defendant,

## DIONISIO SALGADO-MEZA,

did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce and foreign commerce, the deposit of $9,000 in U.S. currency, which transaction involved the proceeds of specified unlawful activity, that is, conspiracy to distribute controlled substances in violation of Title 21, United States Code, Section 846, knowing that the transaction was designed in whole and in part to avoid a transaction reporting requirement under State or Federal law, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii).

## COUNT 14

On or about January 13, 2009, within the State and District of Colorado, and elsewhere, the defendant,

**MARIBEL SALGADO, AKA "CLARA SANCHEZ,"**

did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce and foreign commerce, the deposit of $9,000 in U.S. currency, which transaction involved the proceeds of specified unlawful activity, that is, conspiracy to distribute controlled substances in violation of Title 21, United States Code, Section 846, knowing that the transaction was designed in whole and in part to avoid a transaction reporting requirement under State or Federal law, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii).

### COUNT 15

On or about April 6, 2007, within the State and District of Colorado, and elsewhere, the defendants,

**EFRAIN SALGADO and
MARISELA SALGADO,**

did knowingly structure or assist in structuring a transaction, the deposit of $9,500, with one or more domestic financial institution, for the purpose of evading the reporting requirements of Title 31, United States Code, Sections 5313(a) or 5325 or any regulation prescribed under any such section, the reporting or recordkeeping requirements imposed by any order issued under section 5326, or the recordkeeping requirements imposed by and regulation prescribed under section 21 of the Federal Deposit Insurance Act or section 123 of Public Law 91-508, in violation of Title 31, United States Code, Section 5324(a)(3).

18

**COUNT 16**

On or about April 6, 2007, within the State and District of Colorado, and elsewhere, the defendant,

**MARISELA SALGADO,**

did knowingly structure or assist in structuring a transaction, the deposit of $8,500, with one or more domestic financial institution, for the purpose of evading the reporting requirements of Title 31, United States Code, Sections 5313(a) or 5325 or any regulation prescribed under any such section, the reporting or recordkeeping requirements imposed by any order issued under section 5326, or the recordkeeping requirements imposed by and regulation prescribed under section 21 of the Federal Deposit Insurance Act or section 123 of Public Law 91-508, in violation of Title 31, United States Code, Section 5324(a)(3).

**COUNT 17**

On or about January 12, 2008, within the State and District of Colorado, and elsewhere, the defendants,

**EFRAIN SALGADO and
MARISELA SALGADO,**

did knowingly structure or assist in structuring a transaction, the deposit of $5,000, with one or more domestic financial institution, for the purpose of evading the reporting requirements of Title 31, United States Code, Sections 5313(a) or 5325 or any regulation prescribed under any such section, the reporting or recordkeeping requirements imposed by any order issued under section 5326, or the recordkeeping requirements imposed by and regulation

prescribed under section 21 of the Federal Deposit Insurance Act or section 123 of Public Law 91-508, in violation of Title 31, United States Code, Section 5324(a)(3).

## COUNT 18

On or about January 12, 2008, within the State and District of Colorado, and elsewhere, the defendant,

## MARISELA SALGADO,

did knowingly structure or assist in structuring a transaction, the deposit of $9,000, with one or more domestic financial institution, for the purpose of evading the reporting requirements of Title 31, United States Code, Sections 5313(a) or 5325 or any regulation prescribed under any such section, the reporting or recordkeeping requirements imposed by any order issued under section 5326, or the recordkeeping requirements imposed by and regulation prescribed under section 21 of the Federal Deposit Insurance Act or section 123 of Public Law 91-508, in violation of Title 31, United States Code, Section 5324(a)(3).

## COUNT 19

On or about January 30, 2008, within the State and District of Colorado, and elsewhere, the defendant,

## MARISELA SALGADO,

did knowingly structure or assist in structuring a transaction, the deposit of $6,400, with one or more domestic financial institution, for the purpose of evading the reporting requirements of Title 31, United States Code, Sections 5313(a) or 5325 or any regulation prescribed under any such section, the reporting or recordkeeping requirements imposed by any order issued

under section 5326, or the recordkeeping requirements imposed by and regulation prescribed under section 21 of the Federal Deposit Insurance Act or section 123 of Public Law 91-508, in violation of Title 31, United States Code, Section 5324(a)(3).

## COUNT 20

On or about January 30, 2008, within the State and District of Colorado, and elsewhere, the defendants,

**EFRAIN SALGADO and**
**MARISELA SALGADO,**

did knowingly structure or assist in structuring a transaction, the deposit of $8,500, with one or more domestic financial institution, for the purpose of evading the reporting requirements of Title 31, United States Code, Sections 5313(a) or 5325 or any regulation prescribed under any such section, the reporting or recordkeeping requirements imposed by any order issued under section 5326, or the recordkeeping requirements imposed by and regulation prescribed under section 21 of the Federal Deposit Insurance Act or section 123 of Public Law 91-508, in violation of Title 31, United States Code, Section 5324(a)(3).

## COUNT 21

On or about February 9, 2008, within the State and District of Colorado, and elsewhere, the defendant,

**MARISELA SALGADO,**

did knowingly structure or assist in structuring a transaction, the deposit of $6,000, with one or more domestic financial institution, for the purpose of evading the reporting requirements

of Title 31, United States Code, Sections 5313(a) or 5325 or any regulation prescribed under any such section, the reporting or recordkeeping requirements imposed by any order issued under section 5326, or the recordkeeping requirements imposed by and regulation prescribed under section 21 of the Federal Deposit Insurance Act or section 123 of Public Law 91-508, in violation of Title 31, United States Code, Section 5324(a)(3).

## COUNT 22

On or about February 9, 2008, within the State and District of Colorado, and elsewhere, the defendants,

**EFRAIN SALGADO and**
**MARISELA SALGADO,**

did knowingly structure or assist in structuring a transaction, the deposit of $9,000, with one or more domestic financial institution, for the purpose of evading the reporting requirements of Title 31, United States Code, Sections 5313(a) or 5325 or any regulation prescribed under any such section, the reporting or recordkeeping requirements imposed by any order issued under section 5326, or the recordkeeping requirements imposed by and regulation prescribed under section 21 of the Federal Deposit Insurance Act or section 123 of Public Law 91-508, in violation of Title 31, United States Code, Section 5324(a)(3).

## COUNT 23

On or about March 7, 2008, within the State and District of Colorado, and elsewhere, the defendants,

**EFRAIN SALGADO and**
**MARISELA SALGADO,**

22

did knowingly structure or assist in structuring a transaction, the deposit of $9,800, with one or more domestic financial institution, for the purpose of evading the reporting requirements of Title 31, United States Code, Sections 5313(a) or 5325 or any regulation prescribed under any such section, the reporting or recordkeeping requirements imposed by any order issued under section 5326, or the recordkeeping requirements imposed by and regulation prescribed under section 21 of the Federal Deposit Insurance Act or section 123 of Public Law 91-508, in violation of Title 31, United States Code, Section 5324(a)(3).

## COUNT 24

On or about March 7, 2008, within the State and District of Colorado, and elsewhere, the defendants,

## MARISELA SALGADO,

did knowingly structure or assist in structuring a transaction, the deposit of $5,200, with one or more domestic financial institution, for the purpose of evading the reporting requirements of Title 31, United States Code, Sections 5313(a) or 5325 or any regulation prescribed under any such section, the reporting or recordkeeping requirements imposed by any order issued under section 5326, or the recordkeeping requirements imposed by and regulation prescribed under section 21 of the Federal Deposit Insurance Act or section 123 of Public Law 91-508, in violation of Title 31, United States Code, Section 5324(a)(3).

**COUNT 25**

On or about May 5, 2008, within the State and District of Colorado, and elsewhere, the defendant,

**MARISELA SALGADO,**

did knowingly structure or assist in structuring a transaction, the deposit of $4,000, with one or more domestic financial institution, for the purpose of evading the reporting requirements of Title 31, United States Code, Sections 5313(a) or 5325 or any regulation prescribed under any such section, the reporting or recordkeeping requirements imposed by any order issued under section 5326, or the recordkeeping requirements imposed by and regulation prescribed under section 21 of the Federal Deposit Insurance Act or section 123 of Public Law 91-508, in violation of Title 31, United States Code, Section 5324(a)(3).

**COUNT 26**

On or about May 5, 2008, within the State and District of Colorado, and elsewhere, the defendants,

**EFRAIN SALGADO and**
**MARISELA SALGADO,**

did knowingly structure or assist in structuring a transaction, the deposit of $7,200, with one or more domestic financial institution, for the purpose of evading the reporting requirements of Title 31, United States Code, Sections 5313(a) or 5325 or any regulation prescribed under any such section, the reporting or recordkeeping requirements imposed by any order issued under section 5326, or the recordkeeping requirements imposed by and regulation

prescribed under section 21 of the Federal Deposit Insurance Act or section 123 of Public Law 91-508, in violation of Title 31, United States Code, Section 5324(a)(3).

## COUNT 27

On or about January 14, 2009, within the State and District of Colorado, and elsewhere, the defendant,

## MARISELA SALGADO,

did knowingly structure or assist in structuring a transaction, the deposit of $8,000, with one or more domestic financial institution, for the purpose of evading the reporting requirements of Title 31, United States Code, Sections 5313(a) or 5325 or any regulation prescribed under any such section, the reporting or recordkeeping requirements imposed by any order issued under section 5326, or the recordkeeping requirements imposed by and regulation prescribed under section 21 of the Federal Deposit Insurance Act or section 123 of Public Law 91-508, in violation of Title 31, United States Code, Section 5324(a)(3).

## COUNT 28

On or about January 14, 2009, within the State and District of Colorado, and elsewhere, the defendants,

## EFRAIN SALGADO and
## MARISELA SALGADO,

did knowingly structure or assist in structuring a transaction, the deposit of $8,000, with one or more domestic financial institution, for the purpose of evading the reporting requirements of Title 31, United States Code, Sections 5313(a) or 5325 or any regulation prescribed under

any such section, the reporting or recordkeeping requirements imposed by any order issued under section 5326, or the recordkeeping requirements imposed by and regulation prescribed under section 21 of the Federal Deposit Insurance Act or section 123 of Public Law 91-508, in violation of Title 31, United States Code, Section 5324(a)(3).

### COUNT 29

From on or about January 11, 2005, through on or about December 13, 2010, within the State and District of Colorado, and elsewhere, the defendant,

### MARIBEL SALGADO, AKA "CLARA SANCHEZ,"

did knowingly use, without lawful authority, a means of identification of another person, SSN XXX-XX-3855, belonging to L.S., during and in relation to a violation of Title 42, United States Code, Section 408 (a)(7)(B).

All in violation of Title 18, United States Code, Section 1028A(a)(1) and (c)(11).

### FORFEITURE ALLEGATION

1.      The allegations contained in Counts 1 through 7 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 21, United States Code, Section 853 and Title 18, United States Code, Section 982.

2.      Upon conviction of the violations alleged in Counts 1 through 7 of this Indictment involving violations of Title 21, United States Code, Sections 846 and 843(b), defendants,

**MARTIN JAVIER ALAMOS-GARCIA,**
**NOE ALAMOS-MONTES,**
**DIONISIO SALGADO-MEZA and**
**MARIBEL SALGADO, AKA "CLARA SANCHEZ,"**

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853 any and all of the defendants' right, title and interest in all property constituting and derived from any proceeds obtained directly and indirectly as a result of such offense, and in all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense.

3.      Upon conviction of the violations alleged in Counts 8 through 14 of this Indictment involving violations of Title 18, United States Code, Sections 1956(h) and 1956(a)(1)(B)(I) and (a)(1)(B)(ii), defendants,

**DIONISIO SALGADO-MEZA and**
**MARIBEL SALGADO, AKA "CLARA SANCHEZ,"**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1) any and all of the defendants' right, title and interest in all property, real or personal, involved in such offense, or all property traceable to such property.

4.      If any of the property described above, as a result of any act or omission of the defendants:

a)      cannot be located upon the exercise of due diligence;
b)      has been transferred or sold to, or deposited with, a third party;
c)      has been placed beyond the jurisdiction of the Court;
d)      has been substantially diminished in value; or

27

e)       has been commingled with other property which
cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other

property of said defendants up to the value of the forfeitable property.

A TRUE BILL

_Ink siganture on file in the Clerk's Office_
FOREPERSON

Approved By:
JOHN F. WALSH
UNITED STATES ATTORNEY

By:      s/ Michele R. Korver
MICHELE R. KORVER
Assistant United States Attorney
1225 - 17th Street, Suite 700
Denver, CO 80202
E-mail: michele.korver@usdoj.gov
Fax: 303-454-0403
Telephone: 303-454-0100