Translation of Indictment - 10-CR-00614-MSK

TRIBUNAL FEDERAL DE PRIMERA INSTANCIA
DISTRITO DE COLORADO

Causa Penal No. 10-CR-00614-MSK " SELLADO "

ESTADOS UNIDOS DE AMERICA,

Parte Acusadora,

Vs.

1. MARTIN JAVIER ALAMOS-GARCIA,
2. NOE ALAMOS-MONTES,
3. DIONISIO SALGADO-MEZA,
4. EFRAIN SALGADO-MEZA,
5. MARIBEL SALGADO,
   Alias CLARA SANCHEZ, y
6. MARISELA SALGADO,

Acusados

ACUSACIÒN FORMAL DEL JURADO INVESTIGATIVO
Ley 21, Código Federal, Sección 846
Ley 21, Código Federal, Secciones 841(a)(1) y 841(b)(1)(A)(ii)(II)
Ley 21, Código Federal, Sección 843(b)
Ley 18, Código Federal, Sección 1956(a)(1)(B)(i)
Ley 18, Código Federal, Sección 1956(a)(1)(B)(ii)
Ley 31, Código Federal, Sección 6324(a)(1)(3)
Ley 18, Código Federal, Sección 1028 (a)(1) y (c)(11)

El Jurado Investigativo alega que:

CARGO 1

Desde el mes de mayo de 2002, o aproximadamente esa fecha, y hasta el 13 de diciembre de 2010, o aproximadamente esa fecha, siendo ambas fechas aproximadas y estando ambas incluidas, dentro del Estado y Distrito de Colorado y en otras partes, los acusados,

MARTIN JAVIER ALAMOS-GARCIA,
NOE ALAMOS-MONTES y
DIONISIO SALGADO-MEZA,

Translation of Indictment - 10-CR-00614-MSK

de manera delibera e intencional conspiraron entre ellos y con otras personas, conocidas y desconocidas para el Jurado Investigativo, para distribuir y para poseer con la intención de distribuir, 5 kilogramos o más de una mezcla y sustancia con un contenido perceptible de cocaína, una sustancia de venta controlada de la Lista II, en violación de la Ley 21, Código Federal, Secciones 841 (a)(1) y (b)(1)(A)(ii)(II)

Todo ello en violación de la Ley 21, Código Federal, Sección 846.

CARGO 2

El 10 de diciembre de 2009, o aproximadamente esa fecha, dentro del Estado y Distrito de Colorado, y en otras partes, los acusados

MARTIN JAVIER ALAMOS-GARCIA y
DIONISIO SALGADO-MEZA

de manera deliberada e intencional utilizaron un medio de comunicaciones, el teléfono, para perpetrar o para ocasionar y facilitar la perpetración de un acto o actos que constituyen un delito mayor o mas de uno, a saber: conspiración para distribuir, y poseer con intención de distribuir cocaína, una sustancia de venta controlada de la Lista II, en violación de la Ley 21, Código Federal, Secciones 846 y 841(a)(1).

Todo ello en violación de la Ley 21, Código Federal, Sección 843(b).

CARGO 3

El 21 de diciembre de 2009, o alrededor de esa fecha, dentro del Estado y distrito de colorado y en otraspartes, los acusados

NOE ALAMOS-MONTES y
DIONISIO SALGADO-MEZA,

Translation of Indictment - 10-CR-00614-MSK

de manera deliberada e intencional utilizaron un medio de comunicaciones, el teléfono, para perpetrar o para ocasionar y facilitar la perpetración de un acto o actos que constituyen un delito mayor o más de uno, a saber:  conspiración para distribuir, y poseer con la intención de distribuir cocaína, una sustancia de venta controlada de la Lista II, en violación de la Ley 21, Código Federal, Secciones 846 y 841(a)(1).

Todo ello en violación de la Ley 21, Código Federal, Sección 843(b).

CARGO 4

El 23 de diciembre de 2009, o alrededor de esa fecha, dentro del Estado y Distrito de Colorado y en otras partes, el acusado

DIONISIO SALGADO-MEZA,

de manera deliberada e intencional utilizó un medio de comunicaciones, el teléfono, para perpetrar o para ocasionar y facilitar la perpetración de un actoo actos que constituyen un delito mayor o más de uno, a saber:  conspiración para distribuir, y poseer con la intención de distribuir cocaína, una sustancia de venta controlada de la Lista II, en violación de la Ley 21, Código Federal, Secciones 846 y 841(a)(1).

Todo ello en violación de la Ley 21, Código Federal, Sección 843(b).

CARGO 5

El 7 de enero de 2010, o alrededor de esa fecha, dentro del Estado y Distrito de Colorado y en otras partes, los acusados

NOE ALAMOS-MONTES y
DIONISIO SALGADO-MEZA,

Translation of Indictment - 10-CR-00614-MSK

de manera deliberada e intencional utilizaron un medio de comunicaciones, el teléfono, para perpetrar o para ocasionar y facilitar la perpetración de un acto o actos que constituyen un delito mayor o más de uno, a saber: conspiración para distribuir, y poseer con la intención de distribuir cocaína, una sustancia de venta controlada de la Lista II, en violación de la Ley 21, Código Federal, Secciones 846 y 841(a)(1).

Todo ello en violación de la Ley 21, Código Federal, Sección 843(b).

CARGO 6

El 15 de marzo de 2010, o alrededor de esa fecha, dentro del Estado y Distrito de Colorado y en otras partes, el acusado

DIONISIO SALGADO-MEZA,

de manera deliberada e intencional utilizó un medio de comunicaciones, el teléfono, para perpetrar o para ocasionar y facilitar la perpetración de un actoo actos que constituyen un delito mayo o más de uno, a saber: conspiración para distribuir, y poseer con la intención de distribuir cocaína, una sustancia de venta controlada de la Lista II, en violación de la Ley 21, Código Federal, Secciones 846 y 841(a)(1).

Todo ello en violación de la Ley 21, Código Federal, Sección 843(b).

CARGO 7

El 19 de marzo de 2010, o alrededor de esa fecha, dentro del Estado y Distrito de Colorado y en otras partes, los acusados

DIONISIO SALGADO-MEZA y
MARIBEL SALGADO, ALIAS "CLARA SANCHEZ",

Translation of Indictment - 10-CR-00614-MSK

de manera deliberada e intencional utilizaron un medio de comunicaciones, el teléfono, para perpetrar o para ocasionar y facilitar la perpetración de un acto o actos que constituyen un delito mayor o más de uno, a saber: conspiración para distribuir, y poseer con la intención de distribuir cocaína, una sustancia de venta controlada de la Lista II, en violación de la Ley 21, Código Federal, Secciones 846 y 841(a)(1).

Todo ello en violación de la Ley 21, Código Federal, Sección 843(b).

CARGO 8

Desde el 11 de enero de 2005, o aproximadamente desde esa fecha, hasta el 14 de diciembre de 2010, en el distrito de Colorado y otras partes, los acusados

DIONISIO SALGADO-MEZA y
MARIBEL SALGADO, ALIAS "CLARA SANCHEZ",

de manera deliberada se confabularon, conspiraron y estuvieron de acuerdo el uno con el otro y con otras personas conocidas y desconocidas para el Jurado Investigativo, a fin de cometer delitos en contra de los Estados Unidos en violación de la Ley 18, Código Federal, Sección 1956, a saber:

(a) de manera deliberada realizaron e intentaron realizar transacciones financieras que afectan el comercio interestatal y el comercio exterior, cuyas transacciones involucraban los beneficios provenientes de actividades ilícitas específicas, a saber: conspiración para la distribución de sustancias de venta controlada en violación de la Ley 21, Código Federal, Sección 846, sabiendo que las transacciones estaban diseñadas en su totalidad o en parte para ocultar y disimular la índole, lugar, fuente, titularidad y control de las ganancias de la actividad ilícita específica, y que mientras realizaban e intentaban realizar dichas transacciones financieras sabían que los bienes involucrados en las transacciones financieras representaban las ganancias derivadas de alguna forma de actividad ilícita, en violación de la Ley 18, Código Federal, Sección 1956(a)(1)(B)(i); o

(b) para realizar y para intentar realizar de manera deliberada transacciones financieras que afectan el comercio interestatal y el comercio exterior, cuyas transacciones involucraban los beneficios provenientes de actividades ilícitas específicas, a saber: conspiración para la distribución de sustancias de venta controlada en violación de

Translation of Indictment - 10-CR-00614-MSK

la Ley 21, Código Federal, Sección 846, sabiendo que la transacción estaba diseñada en su totalidad o en parte para evitar la exigencia de notificar una transacción bajo las leyes estatales o federales, y que mientras realizaban e intentaban realizar tal transacción financiera sabían que los bienes involucrados en la transacción financiera representaba ganancias derivadas de alguna forma de actividad ilícita, en violación de la Ley 18, Código Federal, Sección 1956 (a)(1)(B)(ii).

FORMA Y MEDIOS DE LA CONSPIRACIÓN

La forma y los medios utilizados para lograr los objetivos de la conspiración incluían, entre otros, los siguientes:

1. El 11 de enero de 2005, CLARA SANCHEZ abrió la cuenta corriente personal No. 70417843, utilizada para depositar divisas de los Estados Unidos a su solo nombre, utilizando el número de Seguridad Social xxx-xx-3855, cuyo número de Seguridad Social pertenece a otra persona.

2. El 24 de octubre de 2005, DIONISIO SALGADO abrió la cuenta corriente comercial No. 70419427, utilizada para depositar divisas de los Estados Unidos, a nombre de Crown Cleaning Services.

3. El viernes 11 de agosto de 2006, CLARA SANCHEZ depositó $7,400 en divisas de los Estados Unidos en su cuenta corriente personal con American National Bank, cuenta No. 70417843

4. El viernes 11 de agosto de 2006, DIONISIO SALGADO depositó $7,400 en divisas de los Estados Unidos en su cuenta corriente personal con Wells Fargo Bank, cuenta No. 7315002163.

5. El jueves 17 de agosto de 2006, CLARA SANCHEZ depositó $5,000 en divisas de los Estados Unidos en su cuenta corriente personal con American National Bank, cuenta No. 7041784.

Translation of Indictment - 10-CR-00614-MSK

6.  El lunes 21 de agosto de 2006, DIONISIO SALGADO depositó $4,700 en divisas de los Estados Unidos en su cuenta corriente personal con Wells Fargo Bank, cuenta No. 7315002163.

7.  El lunes 28 de agosto de 2006, CLARA SANCHEZ transfirió $12,500 de su cuenta corriente personal con American National Bank, cuenta No. 70417843, a la cuenta corriente comercial de DIONISIO SALGADO Crown Cleaning Services, cuenta No. 70419427 con American National Bank.

8.  El miércoles 30 de agosto de 2006, DIONISIO SALGADO compró el Cheque Oficial No. 308950 por $181,445.92 pagadero a Land Title Guarantee Company, para la compra del terreno desocupado 375 Red Fox Drive, Gypsum, Colorado, con dinero proveniente de su cuenta corriente comercial No. 70419427 con American National Bank.

9.  Desde el 20 de agosto de 2006 hasta el 30 de abril de 2010, DIONISIO SALGADO depositó mas de $40,000 en divisas de los Estados Unidos en su cuenta corriente comercial de Crown Cleaning Services con American National Bank, cuenta No. 70419427.

10. El viernes 6 de octubre de 2006, DIONISIO SALGADO depositó $7,800 en divisas de los Estados Unidos en su cuenta corriente comercial de Crown Cleaning Services con American National Bank, cuenta No. 70419427.

11. El martes 10 de octubre de 2006, CLARA SANCHEZ despositó $3,900 en divisas de los Estados Unidos en su cuenta corriente personal con American National Bank, cuenta No. 70417843

12.  El 10 de octubre de 2006, DIONISIO SALGADO depositó $4,000 en divisas de los Estados Unidos en su cuenta corriente personal con Wells Fargo Bank, cuenta No. 7315002163.

13.  El jueves 19 de octubre de 2006, CLARA SANCHEZ depositó $4,890 en divisas de los Estados Unidos en su cuenta corriente personal con American National Bank, cuenta No. 70417843.

Translation of Indictment - 10-CR-00614-MSK

14. El lunes 30 de octubre de 2006, DIONISIO SALGADO depositó $4,800 en divisas de los Estados Unidos en su cuenta corriente comercial de Crown Cleaning Services con American National Bank, cuenta No. 70419427.

15. El martes 31 de octubre de 2006, CLARA SANCHEZ transfirió $8,000 de su cuenta corriente personal con American National Bank, cuenta No. 70417843, a la cuenta corriente comercial de DIONISIO SALGADO Crown Cleaning Services, cuenta No. 70419427 con American National Bank.

16. El miércoles 1 de noviembre de 2006, DIONISIO SALGADO transfirió $16,000 de su cuenta corriente personal con Wells Fargo Bank, cuenta No. 7315002163, a su cuenta corriente comercial de Crown Cleaning Services con American National Bank, cuenta No. 70419427.

17.      El viernes, 3 de noviembre de 2006, DIONISIO SALGADO compró el Cheque Oficial No. 329328 por $45,091.72, de fecha 3 de noviembre de 2006, pagadero a First American Heritage Title Company, representando el pago total al cierre de la operación de la compra de 365 Chatfield Lane, Gypsum, Colorado, con dinero proveniente de su cuenta corriente comercial de Crown Cleaning Services, cuenta No. 70419427, con American National Bank.

18.      Desde el 3 de noviembre de 2006 hasta el 31 de diciembre de 2008, se depositaron $9,800 en divisas de los Estados Unidos en la cuenta corriente comercial de Crown Cleaning Services, cuenta No. 70419427, con American National Bank bajo el control exclusivo de DIONISIO SALGADO.

19. El lunes 9 de abril de 2007, se hizo electrónicamente un pago de $9,999 a Countrywide Morgage para el préstamo de $44,900 por bienes raíces de SALGADO, utilizado en parte para la compra de 365 Chatfield Lane, Gypsum, Colorado, desde la cuenta corriente comercial No. 70419427 con American National Bank bajo el control exclusivo de DIONISIO SALGADO.

20. El lunes 9 de abril de 2007, DIONISIO SALGADO depositó un cheque de $900 de Kenneth Friedman en su cuenta No. 7315002163 con Wells Fargo Bank.

Translation of Indictment - 10-CR-00614-MSK

21.  El martes 29 de mayo de 2007, DIONISIO SALGADO depositó $3,000 en divisas de los Estados Unidos en su cuenta corriente personal No. 7315002163 con Wells Fargo Bank.

22. El miércoles 6 de junio de 2007, DIONISIO SALGADO depositó $5,000 en divisas de los Estados Unidos en su cuenta corriente comercial de Crown Cleaning Services con American National Bank, cuenta No. 70419427.

23. El lunes 25 de junio de 2007, DIONISIO SALGADO depositó $4,800 en divisas de los Estados Unidos en su cuenta corriente comercial de Crown Cleaning Services con American National Bank, cuenta No. 70419427.

24. El 16 de agosto de 2007 se hizo un pago de $5,000 a Countrywide Mortgage en el préstamo de $44,900 por bienes raíces de SALGADO, utilizado en parte para la compra de 365 Chatfield Lane, Gypsum, Colorado, con un cheque por $5,000, fechado 13 de agosto de 2007 y librado sobre la cuenta corriente comercial de Crown Cleaning Services, cuenta No. 70419427 con American National Bank, bajo el control exclusivo de DIONISIO SALGADO.

25. El viernes 11 de abril de 2008 se hizo un pago de $10,000 a Countrywide Mortgage en el préstamo de $44,900 por bienes raíces de SALGADO, utilizado en parte para la compra de 365 Chatfield Lane, Gypsum, Colorado, con un cheque por $10,000, fechado 12 de mayo de 2008 y librado sobre la cuenta corriente comercial de Crown Cleaning Services, cuenta No. 70419427 con American National Bank, bajo el control exclusivo de DIONISIO SALGADO.

26. El viernes 16 de mayo de 2008 se hizo un pago de $10,000 a Countrywide Mortgage en el préstamo de $44,900 por bienes raíces de SALGADO, utilizado en parte para la compra de 365 Chatfield Lane, Gypsum, Colorado, con un cheque por $10,000, fechado 12 de mayo de 2008 y librado sobre la cuenta corriente comercial de Crown Cleaning Services, cuenta No. 70419427 con American National Bank, bajo el control exclusivo de DIONISIO SALGADO.

27. El jueves 11 de diciembre de 2008 se hizo un pago de $10,000 a Countrywide Mortgage en el préstamo de $44,900 por bienes raíces de SALGADO, utilizado en parte para la compra de 365 Chatfield Lane, Gypsum, Colorado, con un cheque por $10,000, fechado 12 de mayo de 2008 y librado sobre la cuenta corriente comercial

Translation of Indictment - 10-CR-00614-MSK

de Crown Cleaning Services, cuenta No. 70419427 con American National Bank, bajo el control exclusivo de DIONISIO SALGADO.

28. El miércoles 7 de enero de 2009 a las 10:56 de la mañana, CLARA SANCHEZ depositó $9,000 en divisas de los Estados Unidos en su cuenta corriente personal No. 70417843 con American National Bank.

29.  El miércoles 7 de enero de 2009 a las 9:26 de la mañana, DIONISIO SALGADO depositó $9,000 en divisas de los Estados Unidos en su cuenta corriente comercial de Crown Cleaning Services, cuenta No. 70419427, con American National Bank.

30. El martes 13 de enero de 2009, aproximadamente a las 3:35 de la tarde, CLARA SANCHEZ depositó $9,000 en divisas de los Estados Unidos en su cuenta corriente personal No. 70417843 con American National Bank.

31. El martes 13 de enero, aproximadamente a las 12:01 del mediodía, DIONISIO SALGADO depositó $9,000 en divisas de los Estados Unidos en su cuenta corriente comercial de Crown Cleaning Services, cuenta No. 70419427, con American National Bank.

32. El 16 de enero de 2009, CLARA SANCHEZ transfirió $18,000 de su cuenta corriente personal No. 70417843 con American National Bank a la cuenta corriente personal de DIONISIO SALGADO con Wells Fargo Bank, cuenta No. 7315002163.

33. El 16 de eero de 2009, DIONISIO SALGADO transfirió $18,000 de su cuenta corriente comercial No. 70419427 de Crown Cleaning Services con American National Bank a su cuenta corriente personal No. 7315002163 con Wells Fargo Bank.

34. El 20 de enero de 2009, DIONISIO SALGADO emitió el cheque No. 1509, fechado 20 de enero de 2009, pagadero a Desarrollos Turísticos Marina Mazatlan SA de CV, por $54,854, librado sobre su cuenta corriente personal No. 7315002 con Wells Fargo Bank, para la compra del Terreno 271.

35. El jueves 16 de julio de 2009, CLARA SANCHEZ depositó en su cuenta corriente personal No. 70417843 con American National Bank el giro de Montgomery Currency Exchange Western Union  No. 410061 por $1,000, fechado 14 de julio de 2009, pagadero y endosado por CLARA SANCHEZ.

Translation of Indictment - 10-CR-00614-MSK

36. El jueves 22 de octubre de 2009, aproximadamente a las 4:49 de la tarde, CLARA
    SANCHEZ depositó $3,000 en divisas de los Estados Unidos en su cuenta corriente
    personal No. 70417843 con American National Bank.

37. El martes 22 de diciembre de 2009, aproximadamente a las 10:25 de la mañana,
    CLARA SANCHEZ llamó a DIONISIO SALGADO.  SANCHEZ le preguntó a
    SALGADO: "Entonces, mi amor, cuál de ellos me vas a dar?  Cuál cheque me vas a
    dar?".  SALGADO le preguntó a SANCHEZ: " En serio? Llegaron dos ahí?".
    Luego, SALGADO le dijo a SANCHEZ: "No, no, no.  No son míos.  Son de PILO".

38. El martes 22 de diciembre de 2009, aproximadamente a las 2:26 de la tarde,
    DIONISIO SALGADO llamó a PILO a México, Número PTT de Nextel
    62*19743*6 y le dijo a PILO que su esposa (la de SALGADO) había llamado y que
    las dos "cartas" habían llegado.  PILO preguntó si SALGADO podía depositarlas
    (las cartas) en una cuenta.  SALGADO le dijo a PILO que iba a depositar el dinero
    en su cuenta (la de SALGADO) y que luego iba a sacar el dinero para PILO.
    SALGADO le dijo a PILO que si él (SALGADO) los canjeaba por efectivo (los
    cheques) le iban a cobrar mucho.  PILO le dijo a SALGADO que él le iba a dar (a
    SALGADO) un número de un amigo de Douglas (Arizona) para que él
    (SALGADO) lo enviara.  PILO le dijo a SALGADO que el nombre de su amigo era
    "FIDEL".

39. El martes 22 de diciembre de 2009, aproximadamente a las 6:41 de la tarde,
    DIONISIO SALGADO llamó a ISRAEL AGUIRRE-CARRETE al número Sprint-
    Nextel (630) 625-2651. AGUIRRE-CARRETE le preguntó a SALGADO si él
    (SALGADO) había recibido "eso".  SALGADO dijo que acababa de ir al Correo
    que estaba ahí.  AGUIRRE-CARRETE le dijo a SALGADO que llamara a PILO
    para avisarle.  SALGADO le dijo a AGUIRRE-CARRETE que ya había llamado a
    PILO para avisarle y que PILO le iba a dar a SALGADO un número de cuenta.

40. El miércoles 23 de diciembre de 2009, aproximadamente a las 12:39 del mediodía,
    DIONISIO SALGADO llamó a FIDEL BARRON al número PTT 128*133555*8.
    SALGADO le pidió a BARRON el número de cuenta de Wells Fargo.  BARRON
    dijo que él solamente tenía información del Bank of America.  SALGADO le dijo a
    BARRON que no iba a funcionar si las cuentas estaban en bancos diferentes.
    BARRON dijo que SALGADO había depositado antes con él (BARRON).
    SALGADO le dijo a BARRON que no, que había sido un "vato que estaba más
    arriba".  SALGADO dijo que él (SALGADO) estaba en Colorado, y que el otro
    hombre que había hecho un depósito estaba en Chicago.

Translation of Indictment - 10-CR-00614-MSK

41. El miércoles 23 de diciembre de 2009, aproximadamente a las 3:54 de la tarde, DIONISIO SALGADO llamó a PILO a México al número PTT 62*197413*6. SALGADO le dijo a PILO que él (SALGADO) había ido a Wells Fargo y había preguntado sobre la manera de enviar dinero "ahí abajo" (México). SALGADO le dijo a PILO que en Wells Fargo le habían dicho que él (SALGADO) podía enviarlo desde Wells Fargo a México, pero que necesitaban una dirección de alguien en México. PILO le dijo a SALGADO que él le iba a conseguir una dirección para SALGADO.

42. El miércoles 23 de diciembre de 2009, aproximadamente a las 3:56 de la tarde, DIONISIO SALGADO llamó a PILO a México al número PTT 62*197413*6. PILO le dió a SALGADO una dirección en México para enviar el dinero: Calle Cerrada San Pedro No. 147, Colonia La Gloria, Cuamuchil, Sinaloa. PILO también dió el número de teléfono 6-734-2908.

43. El miércoles 23 de diciembre de 2009, aproximadamente a las 4:15 de la tarde, DIONISIO SALGADO llamó a PILO a México al número PTT 62*197413*6. SALGADO le preguntó a PILO a qué banco PILO quería que enviara el dinero. PILO le dijo a SALGADO que lo enviara a HSBC.

44. El miércoles 23 de diciembre de 2009, aproximadamente a las 4:15 de la tarde, DIONISIO SALGADO llamó a PILO a México al número PTT 62*197413*6. SALGADO le dió a PILO el número de cuenta 40936111086. SALGADO le dijo a PILO que serían 24,628.89 (24628.89 pesos/12.6302 = $1,950). SALGADO le dijo a PILO que él solamente depositó $1,950 porque él (SALGADO) pensaba que el banco le iba a cobrar $40 para enviar el dinero, pero el banco solamente cobró $2.50

45. El miércoles 23 de diciembre de 2009, DIONISIO SALGADO depositó el giro de Money Gram International No. R201845287303 por $1,000, fechado 16 de diciembre de 2009, de ISRAEL AGUIRRE-CARRETE, en su cuenta corriente personal No. 7315002163 con Wells Fargo.

46. El miércoles 23 de diciembre de 2009, DIONISIO SALGADO depositó el giro de New Oswego Currency Exchange, Inc. No 337379 por $1,000, fechado 17 de diciembre de 2009, de ISRAEL AGUIRRE-CARRETE, en su cuenta corriente personal No. 7315002163 con Wells Fargo.

Translation of Indictment - 10-CR-00614-MSK

47.  El viernes 12 de marzo de 2010, ISRAEL AGUIRRE-CARRETE recibió cinco (5) kilos de cocaína en Illinois de PILO en México.

48. El viernes 12 de marzo de 2010, aproximadamente a las 3:05 de la tarde, DIONISIO SALGADO llamó a ISRAEL AGUIRRE-CARRETE al teléfono celular (773) 827-0461.  SALGADO le preguntó a AGUIRRE-CARRETE qué había pasado y si "ellos" habían llamado a AGUIRRE-CARRETE.  AGUIRRE-CARRETE le dijo a SALGADO que se había hecho y que él iba a llamar a SALGADO mas tarde.  SALGADO preguntó si "ellos" habían llegado.  AGUIRRE-CARRETE dijo que sí y que los "regalos" estaban ahí, y que él lo iba a llamar (a SALGADO) más tarde.

49. El lunes 15 de marzo de 2010, aproximadamente a las 9:57 de la mañana, DIONISIO SALGADO llamó a ISRAEL AGUIRRE-CARRETE al teléfono celular (773) 827-0461.  SALGADO le preguntó a AGUIRRE-CARRETE cómo iban las cosas por ahí.  AGUIRRE-CARRETE le dijo a SALGADO que todo estaba bien y que él (AGUIRRE-CARRETE0 le iba a mandar (a SALGADO) la "invitación a la boda" más adelante.  AGUIRRE-CARRETE le dijo a SALGADO que él (AGUIRRE-CARRETE) le dijo a PILO que él (AGUIRRE-CARRETE) le iba a mandar a SALGADO uno (1) y medio (1/2).

50. El lunes 15 de marzo de 2010, aproximadamente a las 6:05 de la tarde, ISRAEL AGUIRRE-CARRETE llamó a SALGADO utilizando el teléfono celular (773) 827-0461.

51. El jueves 18 de marzo de 2010, aproximadamente a las 3:49 de la tarde, ISRAEL AGUIRRE-CARRETE llamó a SALGADO utilizando el teléfono celular (773) 827-0461.  SALGADO le preguntó a AGUIRRE CARRETE cuándo había mandado la "carta".  AGUIREE-CARRETE le dijo a SALGADO que él la había enviado anteayer y que había sido mandada normal.  SALGADO  pensó en voz alta y le dijo a AGUIRRE-CARRETE que quizás la carta llegara mañana.

52.  El viernes 19 de marzo de 2010, aproximadamente a las 2:42 de la tarde, DIONISIO SALGADO recibió una llamda de su esposa "MARI", (CLARA SANCHEZ), que utilizó el teléfono celular (970) 471-0335.  SANCHEZ le dijo a SALGADO que habían hecho un escándalo en el banco.  SANCHEZ le preguntó a SALGADO si ellos alguna vez habían firmado los giros.  SALGADO le dijo a SANCHEZ que "no".  SANCHEZ le explicó a SALGADO que no tenía el nombre de la persona que lo había enviado.  SANCHEZ le dijo a SALGADO que ella lo había depositado.

Translation of Indictment - 10-CR-00614-MSK

53. El viernes 19 de marzo de 2010, aproximadamente a las 4:03 de la tarde, ISRAEL AGUIRRE-CARRETE llamó a DIONISIO SALGADO utilizando el teléfono celular (773) 827-0461.  AGUIRRE-CARRETE le preguntó a SALGADO si había recibido la invitación a la fiesta.  SALGADO le dijo a AGUIRRE-CARRETE que MARIBEL (CLARA SANCHEZ) lo había llamado una hora antes y dijo que él (SALGADO) había recibido una carta de ISRAEL.  SALGADO le preguntó a AGUIRRE-CARRETE si ellos (los giros) habían sido enviados en blanco.  AGUIRRE-CARRETE dijo "sí", así que SALGADO podía completarlos.  AGUIRRE-CARRETE le dijo a SALGADO que había enviado dos (2) "invitaciones".

54. El viernes 19 de marzo de 2010, CLARA SANCHEZ depositó un giro de $1,000 de Aurora New York Street 24Hr. Currency Exchange Inc., No. 1919467, fechado 15 de marzo de 2010, pagadero y endosado por CLARA SANCHEZ, en su cuenta corriente personal No. 70417843 con American National Bank.

Todo ello en violación de la Ley 18, Código Federal, Sección 1956 (h).

CARGO 9

El 11 de agosto de 2006, o alrededor de esa fecha, dentro del Estado y Distrito de Colorado, y en otras partes, el acusado

DIONISIO SALGADO MEZA,

de manera deliberada llevó a cabo e intentó llevar a cabo una transacción financiera que afecta el comercio interestatal y el comercio exterior:  el depósito de $7,400 en divisas de los Estados Unidos, cuya transacción involucraba dinero proveniente de actividad ilícita específica, a saber, conspiración para la distribución de sustancias de venta controlada, en violación de la Ley 21, Código Federal, Sección 846, sabiendo que la transacción estaba diseñada en su totalidad y en parte para evitar la exigencia de declarar una transacción según las leyes estatales o federales, y que al llevar a cabo e intentar llevar a cabo tal transacción financiera, él sabía que los bienes involucrados en la transacción financiera

Translation of Indictment - 10-CR-00614-MSK

representaban dinero proveniente de alguna forma de actividad ilícita, en violación de la Ley 18, Código Federal, Sección 1956(a)(1)(B)(ii).

CARGO 10

El 11 de agosto de 2006, o alrededor de esa fecha, dentro del Estado y Distrito de Colorado, y en otras partes, la acusada

MARIBEL SALGADO, alias "CLARA SANCHEZ",

de manera deliberada llevó a cabo e intentó llevar a cabo una transacción financiera que afecta el comercio interestatal y el comercio exterior, el depósito de $7,400 en divisas de los Estados Unidos, cuya transacción involucraba dinero proveniente de actividad ilícita específica, a saber, conspiración para la distribución de sustancias de venta controlada, en violación de la Ley 21, Código Federal, Sección 846, sabiendo que la transacción estaba diseñada en su totalidad y en parte para evitar la exigencia de declarar una transacción según las leyes estatales o federales, y que al llevar a cabo e intentar llevar a cabo tal transacción financiera, él sabía que los bienes involucrados en la transacción financiera representaban dinero proveniente de alguna forma de actividad ilícita, en violación de la Ley 18, Código Federal, Sección 1956(a)(1)(B)(ii).

Translation of Indictment - 10-CR-00614-MSK

CARGO 11

El 7 de enero de 2009, o alrededor de esa fecha, dentro del Estado y Distrito de Colorado, y en otras partes, el acusado

DIONISIO SALGADO-MEZA,

de manera deliberada llevó a cabo e intentó llevar a cabo una transacción financiera que afecta el comercio interestatal y el comercio exterior, el depósito de $9,000 en divisas de los Estados Unidos, cuya transacción involucró dinero derivado de una actividad ilícita específica, a saber: conspiración para distribuir sustancias de venta controlada en violación de la Ley 21, Código Federal, Sección 846, sabiendo que la transacción estaba diseñada en su totalidad o en parte para evitar la exigencia de declarar una transacción según las leyes estatales o federales, y que al llevar a cabo e intentar llevar a cabo tal transacción financiera, él sabía que los bienes involucrados en la transacción financiera representaban dinero proveniente de alguna forma de actividad ilícita, en violación de la Ley 18, Código Federal, Sección 1956(a)(1)(B)(ii).

CARGO 12

El 7 de enero de 2009, o alrededor de esa fecha, dentro del Estado y distrito de Colorado, y en otras partes, la acusada

MARIBEL SALGADO, alias "CLARA SANCHEZ",

de manera deliberada llevó a cabo e intentó llevar a cabo una transacción financiera que afecta el comercio interestatal y el comercio exterior, el depósito de $9,000 en divisas de los Estados Unidos, cuya transacción involucraba dinero proveniente de actividad ilícita específica, a saber, conspiración para la distribución de sustancias de venta controlada, en violación de la Ley 21, Código Federal, Sección 846, sabiendo que la transacción estaba diseñada en su totalidad y en parte para evitar la exigencia de declarar una transacción según las leyes estatales o federales, y que al llevar a cabo e intentar llevar a cabo tal

Translation of Indictment - 10-CR-00614-MSK

transacción financiera, él sabía que los bienes involucrados en la transacción financiera representaban dinero proveniente de alguna forma de actividad ilícita, en violación de la Ley 18, Código Federal, Sección 1956(a)(1)(B)(ii).

CARGO 13

El 13 de enero de 2009, o alrededor de esa fecha, dentro del Estado y Distrito de Colorado, y en otras partes, el acusado

DIONISIO SALGADO-MEZA,

de manera deliberada llevó a cabo e intentó llevar a cabo una transacción financiera que afecta el comercio interestatal y el comercio exterior, el depósito de $9,000 en divisas de los Estados Unidos, cuya transacción involucró dinero derivado de una actividad ilícita específica, a saber: conspiración para distribuir sustancias de venta controlada en violación de la Ley 21, Código Federal, Sección 846, sabiendo que la transacción estaba diseñada en su totalidad o en parte para evitar la exigencia de declarar una transacción según las leyes estatales o federales, y que al llevar a cabo e intentar llevar a cabo tal transacción financiera, él sabía que los bienes involucrados en la transacción financiera representaban dinero proveniente de alguna forma de actividad ilícita, en violación de la Ley 18, Código Federal, Sección 1956(a)(1)(B)(ii).

CARGO 14

13 de enero de 2009, o alrededor de esa fecha, dentro del Estado y Distrito de Colorado, y en otras partes, la acusada

Translation of Indictment - 10-CR-00614-MSK

MARIBEL SALGADO, alias "CLARA SANCHEZ",

de manera deliberada llevó a cabo e intentó llevar a cabo una transacción financiera que afecta el comercio interestatal y el comercio exterior, el depósito de $9,000 en divisas de los Estados Unidos, cuya transacción involucraba dinero proveniente de actividad ilícita específica, a saber, conspiración para la distribución de sustancias de venta controlada, en violación de la Ley 21, Código Federal, Sección 846, sabiendo que la transacción estaba diseñada en su totalidad y en parte para evitar la exigencia de declarar una transacción según las leyes estatales o federales, y que al llevar a cabo e intentar llevar a cabo tal transacción financiera, él sabía que los bienes involucrados en la transacción financiera representaban dinero proveniente de alguna forma de actividad ilícita, en violación de la Ley 18, Código Federal, Sección 1956(a)(1)(B)(ii).

CARGO 15

El 6 de abril de 2007, o alrededor de esa fecha, dentro del Estado y Distrito de Colorado, y en otras partes, los acusados

EFRAIN SALGADO y
MARISELA SALGADO

de manera deliberada estructuraron una transacción, el depósito de $9,500, con una institución financiera nacional o con más de una, con el fin de evadir las exigencias de declaración de la Ley 31, Código Federal, Secciones 5313(a) ó 5325, o cualquier reglamentación dictada bajo cualquiera de esas secciones, la declaración o exigencias de mantenimiento de registros impuesta por cualquier orden emitida de conformidad con la sección 5326, o la exigencias de mantenimiento de registros impuesta y regulada según la sección 21 del Acta de Seguro de Depósitos Federales o la sección 123 de la Ley Pública 91-508, en violación de la Ley 31, Código Federal, Sección 5324(a)(3).

Translation of Indictment - 10-CR-00614-MSK

CARGO 16

El 6 de abril de 2007, o alrededor de esa fecha, dentro del Estado y Distrito de Colorado, y en otras partes, la acusada

MARISELA SALGADO,

de manera deliberada estructuró o ayudó a estructurar una transacción, el depósito de $8,500, con una institución financiera nacional o con más de una, con el fin de evadir las exigencias de declaración de la Ley 31, Código Federal, Secciones 5313(a) ó 5325, o cualquier reglamentación dictada bajo cualquiera de esas secciones, la declaración o exigencias de mantenimiento de registros impuesta por cualquier orden emitida de conformidad con la sección 5326, o la exigencias de mantenimiento de registros impuesta y regulada según la sección 21 del Acta de Seguro de Depósitos Federales o la sección 123 de la Ley Pública 91-508, en violación de la Ley 31, Código Federal, Sección 5324(a)(3).

CARGO 17

El 12 de enero de 2008, o alrededor de esa fecha, dentro del Estado y Distrito de Colorado, y en otras partes, los acusados

EFRAIN SALGADO y
MARISELA SALGADO

de manera deliberada estructuraron una transacción, el depósito de $5,000, con una institución financiera nacional o con más de una, con el fin de evadir las exigencias de declaración de la Ley 31, Código Federal, Secciones 5313(a) ó 5325, o cualquier reglamentación dictada bajo cualquiera de esas secciones, la declaración o exigencias de mantenimiento de registros impuesta por cualquier orden emitida de conformidad con la sección 5326, o la exigencias de mantenimiento de registros impuesta y regulada según la

Translation of Indictment - 10-CR-00614-MSK

sección 21 del Acta de Seguro de Depósitos Federales o la sección 123 de la Ley Pública 91-508, en violación de la Ley 31, Código Federal, Sección 5324(a)(3).

## CARGO 18

El 12 de enero de 2008, o alrededor de esa fecha, dentro del Estado y Distrito de Colorado, y en otras partes, la acusada

## MARISELA SALGADO,

de manera deliberada estructuró o ayudó a estructurar una transacción, el depósito de $9,000, con una institución financiera nacional o con más de una, con el fin de evadir las exigencias de declaración de la Ley 31, Código Federal, Secciones 5313(a) ó 5325, o cualquier reglamentación dictada bajo cualquiera de esas secciones, la declaración o exigencias de mantenimiento de registros impuesta por cualquier orden emitida de conformidad con la sección 5326, o la exigencias de mantenimiento de registros impuesta y regulada según la sección 21 del Acta de Seguro de Depósitos Federales o la sección 123 de la Ley Pública 91-508, en violación de la Ley 31, Código Federal, Sección 5324(a)(3).

## CARGO 19

El 30 de enero de 2008, o alrededor de esa fecha, dentro del Estado y Distrito de Colorado, y en otras partes, la acusada

## MARISELA SALGADO,

de manera deliberada estructuró o ayudó a estructurar una transacción, el depósito de $6,400, con una institución financiera nacional o con más de una, con el fin de evadir las exigencias de declaración de la Ley 31, Código Federal, Secciones 5313(a) ó 5325, o cualquier reglamentación dictada bajo cualquiera de esas secciones, la declaración o exigencias de mantenimiento de registros impuesta por cualquier orden emitida de conformidad con la sección 5326, o la exigencias de mantenimiento de registros impuesta y

Translation of Indictment - 10-CR-00614-MSK

regulada según la sección 21 del Acta de Seguro de Depósitos Federales o la sección 123 de la Ley Pública 91-508, en violación de la Ley 31, Código Federal, Sección 5324(a)(3).

CARGO 20

El 30 de enero de 2008, o alrededor de esa fecha, dentro del Estado y Distrito de Colorado, y en otras partes, los acusados

EFRAIN SALGADO y
MARISELA SALGADO

de manera deliberada estructuraron una transacción, el depósito de $8,500, con una institución financiera nacional o con más de una, con el fin de evadir las exigencias de declaración de la Ley 31, Código Federal, Secciones 5313(a) ó 5325, o cualquier reglamentación dictada bajo cualquiera de esas secciones, la declaración o exigencias de mantenimiento de registros impuesta por cualquier orden emitida de conformidad con la sección 5326, o la exigencias de mantenimiento de registros impuesta y regulada según la sección 21 del Acta de Seguro de Depósitos Federales o la sección 123 de la Ley Pública 91-508, en violación de la Ley 31, Código Federal, Sección 5324(a)(3).

CARGO 21

El 9 de febrero de 2008, o alrededor de esa fecha, dentro del Estado y Distrito de Colorado, y en otras partes, la acusada

MARISELA SALGADO,

de manera deliberada estructuró o ayudó a estructurar una transacción, el depósito de $6,000, con una institución financiera nacional o con más de una, con el fin de evadir las exigencias de declaración de la Ley 31, Código Federal, Secciones 5313(a) ó 5325, o

Translation of Indictment - 10-CR-00614-MSK

cualquier reglamentación dictada bajo cualquiera de esas secciones, la declaración o exigencias de mantenimiento de registros impuesta por cualquier orden emitida de conformidad con la sección 5326, o la exigencias de mantenimiento de registros impuesta y regulada según la sección 21 del Acta de Seguro de Depósitos Federales o la sección 123 de la Ley Pública 91-508, en violación de la Ley 31, Código Federal, Sección 5324(a)(3).

CARGO 22

El 9 de febrero de 2008, o alrededor de esa fecha, dentro del Estado y Distrito de Colorado, y en otras partes, los acusados

EFRAIN SALGADO y
MARISELA SALGADO,

de manera deliberada estructuraron una transacción, el depósito de $9,000, con una institución financiera nacional o con más de una, con el fin de evadir las exigencias de declaración de la Ley 31, Código Federal, Secciones 5313(a) ó 5325, o cualquier reglamentación dictada bajo cualquiera de esas secciones, la declaración o exigencias de mantenimiento de registros impuesta por cualquier orden emitida de conformidad con la sección 5326, o la exigencias de mantenimiento de registros impuesta y regulada según la sección 21 del Acta de Seguro de Depósitos Federales o la sección 123 de la Ley Pública 91-508, en violación de la Ley 31, Código Federal, Sección 5324(a)(3).

CARGO 23

El 7 de marzo de 2008, o alrededor de esa fecha, dentro del Estado y Distrito de Colorado, y en otras partes, los acusados

EFRAIN SALGADO y
MARISELA SALGADO,

Translation of Indictment - 10-CR-00614-MSK

de manera deliberada estructuraron una transacción, el depósito de $9,800, con una institución financiera nacional o con más de una, con el fin de evadir las exigencias de declaración de la Ley 31, Código Federal, Secciones 5313(a) ó 5325, o cualquier reglamentación dictada bajo cualquiera de esas secciones, la declaración o exigencias de mantenimiento de registros impuesta por cualquier orden emitida de conformidad con la sección 5326, o la exigencias de mantenimiento de registros impuesta y regulada según la sección 21 del Acta de Seguro de Depósitos Federales o la sección 123 de la Ley Pública 91-508, en violación de la Ley 31, Código Federal, Sección 5324(a)(3).

CARGO 24

El 7 de marzo de 2008, o alrededor de esa fecha, dentro del Estado y Distrito de Colorado, y en otras partes, la acusada

MARISELA SALGADO,

de manera deliberada estructuró o ayudó a estructurar una transacción, el depósito de $5,200, con una institución financiera nacional o con más de una, con el fin de evadir las exigencias de declaración de la Ley 31, Código Federal, Secciones 5313(a) ó 5325, o cualquier reglamentación dictada bajo cualquiera de esas secciones, la declaración o exigencias de mantenimiento de registros impuesta por cualquier orden emitida de conformidad con la sección 5326, o la exigencias de mantenimiento de registros impuesta y regulada según la sección 21 del Acta de Seguro de Depósitos Federales o la sección 123 de la Ley Pública 91-508, en violación de la Ley 31, Código Federal, Sección 5324(a)(3).

Translation of Indictment - 10-CR-00614-MSK

CARGO 25

El 5 de mayo de 2008, o alrededor de esa fecha, dentro del Estado y Distrito de Colorado, y en otras partes, la acusada

MARISELA SALGADO,

de manera deliberada estructuró o ayudó a estructurar una transacción, el depósito de $4,000, con una institución financiera nacional o con más de una, con el fin de evadir las exigencias de declaración de la Ley 31, Código Federal, Secciones 5313(a) ó 5325, o cualquier reglamentación dictada bajo cualquiera de esas secciones, la declaración o exigencias de mantenimiento de registros impuesta por cualquier orden emitida de conformidad con la sección 5326, o la exigencias de mantenimiento de registros impuesta y regulada según la sección 21 del Acta de Seguro de Depósitos Federales o la sección 123 de la Ley Pública 91-508, en violación de la Ley 31, Código Federal, Sección 5324(a)(3).

CARGO 26

El 5 de mayo de 2008, o alrededor de esa fecha, dentro del Estado y Distrito de Colorado, y en otras partes, los acusados

EFRAIN SALGADO y
MARISELA SALGADO,

de manera deliberada estructuraron una transacción, el depósito de $7,200, con una institución financiera nacional o con más de una, con el fin de evadir las exigencias de declaración de la Ley 31, Código Federal, Secciones 5313(a) ó 5325, o cualquier reglamentación dictada bajo cualquiera de esas secciones, la declaración o exigencias de mantenimiento de registros impuesta por cualquier orden emitida de conformidad con la sección 5326, o la exigencias de mantenimiento de registros impuesta y regulada según la

Translation of Indictment - 10-CR-00614-MSK

sección 21 del Acta de Seguro de Depósitos Federales o la sección 123 de la Ley Pública 91-508, en violación de la Ley 31, Código Federal, Sección 5324(a)(3).

CARGO 27

El 14 de enero de 2009, o alrededor de esa fecha, dentro del Estado y Distrito de Colorado, y en otras partes, la acusada

MARISELA SALGADO,

de manera deliberada estructuró o ayudó a estructurar una transacción, el depósito de $8,000, con una institución financiera nacional o con más de una, con el fin de evadir las exigencias de declaración de la Ley 31, Código Federal, Secciones 5313(a) ó 5325, o cualquier reglamentación dictada bajo cualquiera de esas secciones, la declaración o exigencias de mantenimiento de registros impuesta por cualquier orden emitida de conformidad con la sección 5326, o la exigencias de mantenimiento de registros impuesta y regulada según la sección 21 del Acta de Seguro de Depósitos Federales o la sección 123 de la Ley Pública 91-508, en violación de la Ley 31, Código Federal, Sección 5324(a)(3).

CARGO 28

El 14 de enero de 2009, o alrededor de esa fecha, dentro del Estado y Distrito de Colorado, y en otras partes, los acusados

EFRAIN SALGADO y
MARISELA SALGADO,

de manera deliberada estructuraron una transacción, el depósito de $8,000, con una institución financiera nacional o con más de una, con el fin de evadir las exigencias de declaración de la Ley 31, Código Federal, Secciones 5313(a) ó 5325, o cualquier reglamentación dictada bajo cualquiera de esas secciones, la declaración o exigencias de mantenimiento de registros impuesta por cualquier orden emitida de conformidad con la

25

Translation of Indictment - 10-CR-00614-MSK

sección 5326, o la exigencias de mantenimiento de registros impuesta y regulada según la sección 21 del Acta de Seguro de Depósitos Federales o la sección 123 de la Ley Pública 91-508, en violación de la Ley 31, Código Federal, Sección 5324(a)(3).

CARGO 29

Desde aproximadamente el 11 de enero de 2005 hasta aproximadamente el 13 de diciembre de 2010, dentro del Estado y Distrito de Colorado, y en otras partes, la acusada

MARIBEL SALGADO, ALIAS "CLARA SANCHEZ",

de manera deliberada utilizó, sin permiso legal, un medio de identificación de otra persona, número de Seguro Social xxx-xx-3855, perteneciente a L.S., durante el cometido y con relación a una violación de la Ley 42, Código Federal, Sección 408(a)(7)(B).

Todo ello en violación de la Ley 18, Código Federal, Sección 1028A(a)(1) y (c)(11).

## ALEGATO DE CONFISCACION

1.  Por la presente, los alegatos contenidos en los cargos del 1 al 7 de esta Acusación Formal del Jurado Investigativo son reiterados e incorporados a título de referencia con el fin del alegato de confiscación de conformidad con las disposiciones de la Ley 21, Código Federal, Sección 853, y Ley 18, Código Federal, Sección 982.

2.  De ser condenados por las violaciones alegadas en los cargos del 1 al 7 de esta Acusación formal del Jurado Investigativo involucrando violaciones de la Ley 21, Código Federal, Secciones 846 y 843(b), los acusados

Translation of Indictment - 10-CR-00614-MSK

MARTIN JAVIER ALAMOS-GARCIA,
NOE ALAMOS-MONTES,
DIONISIO SALGADO-MEZA, y
MARIBEL SALGADO, ALIAS "CLARA SANCHEZ",

renunciarán a favor de los Estados Unidos, de conformidad con la Ley 21, Código Federal, Sección 853, cualquier y todo derecho, título e interés de los acusados sobre cualquier propiedad constituida y derivada de cualquier ganancia obtenida directamente e indirectamente como resultado de tal delito, y sobre toda propiedad utilizada, o que se pensaba utilizar, de alguna manera o en parte para perpetrar o para facilitar la perpetración de tal delito.

3.  De ser condenados por las violaciones alegadas en los cargos del 8 al 14 de esta Acusación Formal del Jurado Investigativo involucrando violaciones de la Ley 18, Código Federal, Secciones 1956(h) y 1956(a)(1)(B)(I) y (a)(1)(B)(ii), los acusados

DIONISIO SALGADO-MESA y
MARIBEL SALGADO, ALIAS "CLARA SANCHEZ",

renunciarán a favor de los Estados Unidos, de conformidad con la Ley 18, Código Federal, Sección 982(a)(1), cualquier y todo derecho, título e interés de los acusados sobre toda propiedad, real o personal, involucrada en tal delito, o sobre toda propiedad que pueda ser atribuible a dicha propiedad.

4.  Si cualquiera de las propiedades arriba descriptas, como resultado de cualquier acto u omisión de los acusados

a)  no puede ser encontrada ejerciendo debida diligencia,

b)  ha sido transferida,vendida, o depositada con una tercera persona,

c)  ha sido puesta fuera de la jurisdicción del Juzgado,

d)  ha sido sustancialmente disminuida en su valor, o

e)  ha sido mezclada con otra propiedad que no puede ser subdividida sin dificultad,

Translation of Indictment - 10-CR-00614-MSK

es intención del gobierno, de conformidad con la Ley 21, Código Federal, Sección 853(p),
incorporada por la Ley 18, Código Federal, Sección 982(b), intentar la confiscación de
cualquier otra propiedad de dichos acusados hasta el valor de la propiedad sujeta a
confiscación.

ES ACUSACIÓN FORMAL,

Firma en tinta archivada en la Secretaría del Tribual
PRESIDENTE

Aprobado por:

JOHN F. WALSH
FISCAL FEDERAL

Por: firma:  Michele R Korver
MICHELE R. KORVER
Fiscal Federal Adjunta
1225 - 17th Street, Suite 700
Denver, CO 80202
dirección electrónica:  michele.korver@usdoj.gov
Fax:  303-454-0403
Teléfono:  303-454-0100

Translation of Indictment - 10-CR-00614-MSK

ACUSADO 1: MARTIN JAVIER ALAMOS-GARCIA

AÑO DE NACIMIENTO:

DIRECCIÓN:

SE PRESENTÓ DENUNCIA:              NO

FUE ARRESTADO EL ACUSADO POR UNA DENUNCIA?:     NO

DELITO:

CARGO 1:  Ley 21, Código federal, Sección 846 - Conspiración deliberada e intencional para distribuir y para poseer con la intención de distribuir 5 kilogramos o más de una mezcla o sustancia con un contenido perceptible de cocaína, una sustancia de venta controlada de la Lista II.

CARGO 2:  Ley 21, Código Federal, Sección 843(b) - Utilizar de manera deliberada e intencional un medio de comunicaciones para perpetrar un delito.

CONFISCACIÓN PENAL:  Ley 21, Código Federal, Sección 853, Alegato de Confiscación.

LUGAR DEL DELITO:       Condado Eagle, Colorado.

PENALIDAD:

CARGO 1:  Mínimo 10 años, máximo prisión perpetua;  multa máxima $4,000,000.00, o ambas cosas; mínimo 5 años excarcelación supervisada;  gravamen especial de $100.00.

CARGO 2:  Máximo 4 años de prisión; multa máxima $250,000.00, o ambas cosas; máximo 3 años excarcelación supervisada; gravamen especial de $100.00.

CARGO DE CONFISCACIÓN:  Confiscación

AGENTE:  Agente Especial Lori Butler, DEA

AUTORIZADO POR:  Michele R. Korver, Fiscal Federal Adjunta

DURACIÓN ESTIMADA DEL JUICIO:  5 días o más.


EL GOBIERNO solicitará la detención en este caso

CASO OCDETF:  SÍ

Translation of Indictment - 10-CR-00614-MSK

ACUSADO 2:  NOE ALAMOS-MONTES

AÑO DE NACIMIENTO:

DIRECCIÓN:

SE PRESENTÓ DENUNCIA:          NO

FUE ARRESTADO EL ACUSADO POR UNA DENUNCIA?:     NO

DELITO:

CARGO 1:  Ley 21, Código federal, Sección 846 - Conspiración deliberada e intencional para distribuir y para poseer con la intención de distribuir 5 kilogramos o más de una mezcla o sustancia con un contenido perceptible de cocaína, una sustancia de venta controlada de la Lista II.

CARGOS 3 y 5:  Ley 21, Código Federal, Sección 843(b) - Utilizar de manera deliberada e intencional un medio de comunicaciones para perpetrar un delito.

CONFISCACIÓN PENAL:  Ley 21, Código Federal, Sección 853, Alegato de Confiscación.

LUGAR DEL DELITO:        Condado Eagle, Colorado.

PENALIDAD:

CARGO 1:  Mínimo 10 años, máximo prisión perpetua;  multa máxima $4,000,000.00, o ambas cosas; mínimo 5 años excarcelación supervisada;  gravamen especial de $100.00.

CARGOS 3 y 5:  Máximo 4 años de prisión; multa máxima $250,000.00, o ambas cosas; máximo 3 años excarcelación supervisada; gravamen especial de $100.00 (por cargo).

CARGO DE CONFISCACIÓN:  Confiscación

AGENTE:  Agente Especial Lori Butler, DEA

AUTORIZADO POR:  Michele R. Korver, Fiscal Federal Adjunta

DURACIÓN ESTIMADA DEL JUICIO:  5 días o más.


EL GOBIERNO solicitará la detención en este caso

CASO OCDETF:  SÍ

Translation of Indictment - 10-CR-00614-MSK

ACUSADO 3:   DIONISIO SALGADO-MEZA

AÑO DE NACIMIENTO:

DIRECCIÓN:

SE PRESENTÓ DENUNCIA:          NO

FUE ARRESTADO EL ACUSADO POR UNA DENUNCIA?:      NO

DELITO:

CARGO 1:  Ley 21, Código federal, Sección 846 - Conspiración deliberada e intencional para distribuir y para poseer con la intención de distribuir 5 kilogramos o más de una mezcla o sustancia con un contenido perceptible de cocaína, una sustancia de venta controlada de la Lista II.

CARGOS 2 - 7:  Ley 21, Código Federal, Sección 843(b) - Utilizar de manera deliberada e intencional un medio de comunicaciones para perpetrar un delito.

CARGO 8:  Ley 18, Código Federal, Sección 1956(h) - Conspiración para Lavado de Dinero

CARGOS 9, 11 y 13:  Ley 18, Código Federal, Sección 1956(a)(1)(B)(ii) - Lavado de dinero

CONFISCACIÓN PENAL:  Ley 21, Código Federal, Sección 853, Alegato de Confiscación.

LUGAR DEL DELITO:       Condado Eagle, Colorado.

PENALIDAD:

CARGO 1:  Mínimo 10 años, máximo prisión perpetua;  multa máxima $4,000,000.00, o ambas cosas; mínimo 5 años excarcelación supervisada;  gravamen especial de $100.00.

CARGOS 2 - 7:  Máximo 4 años de prisión; multa máxima $250,000.00, o ambas cosas; máximo 3 años excarcelación supervisada; gravamen especial de $100.00 (por cargo).

CARGO 8:  Máximo 20 años de prisión; multa máxima $500,000, o ambas cosas; máximo 5 años excarcelación supervisada; gravamen especial de $100.00

CARGOS 9, 11 y 13: Máximo 20 años de prisión; multa máxima $500,000, o ambas cosas; máximo 5 años excarcelación supervisada; gravamen especial de $100.00 (por cargo)

Translation of Indictment - 10-CR-00614-MSK

CARGO DE CONFISCACIÓN:  Confiscación

AGENTE:  Agente Especial Lori Butler, DEA

AUTORIZADO POR:  Michele R. Korver, Fiscal Federal Adjunta

DURACIÓN ESTIMADA DEL JUICIO:  5 días o más.

EL GOBIERNO solicitará la detención en este caso

CASO OCDETF:  SÍ

Translation of Indictment - 10-CR-00614-MSK

ACUSADO 4: EFRAIN SALGADO-MEZA

AÑO DE NACIMIENTO:

DIRECCIÓN:

SE PRESENTÓ DENUNCIA:          NO

FUE ARRESTADO EL ACUSADO POR UNA DENUNCIA?:     NO

DELITO:

CARGOS 15, 17, 20, 22, 23, 26, 28:  Ley 31, Código Federal, Sección 5324(a)(3) - Estructurar o ayudar de manera deliberada a estructurar una transacción.

LUGAR DEL DELITO:       Condado Eagle, Colorado

PENALIDAD:

CARGOS 15, 17, 20, 22, 23, 26, 28:  Máximo 5 años de prisión; multa máxima $250,000.00, o ambas cosas: máximo 3 años de excarcelación supervisada; gravamen especial de $100.00 (por cargo)

AGENTE:  Agente Especial Lori Butler, DEA

AUTORIZADO POR:  Michele R. Korver, Fiscal Federal Adjunta

DURACIÓN ESTIMADA DEL JUICIO:  5 días o más.


EL GOBIERNO NO solicitará la detención en este caso

CASO OCDETF:  SÍ

Translation of Indictment - 10-CR-00614-MSK

ACUSADA 5:  MARIBEL SALGADO,
            alias "Clara Sánchez"

AÑO DE NACIMIENTO:

DIRECCIÓN:

SE PRESENTÓ DENUNCIA:          NO

FUE ARRESTADO EL ACUSADO POR UNA DENUNCIA?:     NO

DELITO:

CARGO 7:  Ley 21, Código Federal, Sección 843(b) - Utilizar de manera deliberada e
intencional un medio de comunicaciones para perpetrar un delito.

CARGO 8:  Ley 18, Código Federal, Sección 1956(h) - Conspiración para Lavado de
Dinero

CARGOS 10, 12 y 14:  Ley 18, Código Federal, Sección 1956(a)(1)(B)(ii) - Lavado de
dinero

CARGO 29:  Ley 18, Código Federal, Sección 1028A(a)(1) y (c)(11) - Robo de identidad
calificado

CONFISCACIÓN PENAL:  Ley 21, Código Federal, Sección 853, Alegato de
Confiscación.

LUGAR DEL DELITO:        Condado Eagle, Colorado.

PENALIDAD:


CARGOS 7:  Máximo 4 años de prisión; multa máxima $250,000.00, o ambas cosas;
máximo 3 años excarcelación supervisada; gravamen especial de $100.00.

CARGO 8:  Máximo 20 años de prisión; multa máxima $500,000, o ambas cosas; máximo
5 años excarcelación supervisada; gravamen especial de $100.00

CARGOS 10, 12 y 14: Máximo 20 años de prisión; multa máxima $500,000, o ambas
cosas; máximo 5 años excarcelación supervisada; gravamen especial de $100.00 (por
cargo)

CARGO 29:  Máximo 2 años de prisión; multa máxima de $250,000.00, o ambas cosas;
máximo 1 año de excarcelación supervisada; gravamen especial de $100.00

CARGO DE CONFISCACIÓN:  Confiscación

Translation of Indictment - 10-CR-00614-MSK

AGENTE:  Agente Especial Lori Butler, DEA

AUTORIZADO POR:  Michele R. Korver, Fiscal Federal Adjunta

DURACIÓN ESTIMADA DEL JUICIO:  5 días o más.


EL GOBIERNO solicitará la detención en este caso

CASO OCDETF:  SÍ

Translation of Indictment - 10-CR-00614-MSK

CERTIFICATION BY TRANSLATOR

I hereby certify that I am an interpreter certified by the Administrative Office of the United States Courts, and a translator certified by the American Translators Association.  I further certify that I have personally translated from English into Spanish the attached Indictment in Case No. 10-CR-00614-MSK, and that it is a true and accurate translation, to the best of my knowledge and ability.  Signed in Denver, this 19th day of December of the year 2010.-
-------------------------------------------------------------------------------------------------------------

s/Adriana Weisz