**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 10-CR-614-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.     MARTIN JAVIER ALAMOS-GARCIA,
2.     **NOE ALAMOS-MONTES,**
3.     **DIONISIO SALGADO-MEZA,**
4.     **EFRAIN SALGADO-MEZA,**
5.     **CLARA SANCHEZ,
    AKA "MARIBEL SALGADO," and**
6.     **MARISELA SALGADO**,

    Defendants.

---

**UNITED STATES UNOPPOSED MOTION FOR AN ENDS OF JUSTICE
CONTINUANCE AND EXCLUDABLE TIME ON GROUNDS OF COMPLEXITY
PURSUANT TO 18 U.S.C. §3161(h)(7)(A) and (B)(ii)**

---

The United States of America, by United States Attorney John F. Walsh, and through the undersigned Assistant United States Attorney, hereby respectfully enters the Government's Unopposed Motion for an Ends of Justice Continuance and Findings of Excludable Time on Grounds of Complexity pursuant to Title 18, United States Code, Section 3161(h)(7)(A) and (B)(ii).

The United States respectfully advises the Court that the above-referenced case is complex under Title 18, United States Code, Section 3161(h)(7)(B)(ii) due to the amount of documentary material and other evidence subject to pretrial disclosure or discovery. Under the circumstances, the United States respectfully informs the Court that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself,

by the prosecution or the defense, within the normal time limits established by Title 18, United States Code, Section 3161.  Accordingly, the United States requests the Court make the ends of justice findings contemplated by Section 3161(h)(7)(A), to continue the case for approximately 120 days of excludable speedy trial time, and to set the case for a discovery conference and further proceedings toward the end of the period of excludable time.

In support of this motion, the Government states the following:

1. The indictment in this case, charging drug and money laundering conspiracies, follows a thirty-two month investigation involving Court authorized wire interceptions on four cellular telephones over a seven month time period.  There are approximately 12,286 call records, of which approximately 2,103 calls have been determined by officers to be pertinent calls involving criminal activity.  Most of the intercepted conversations are in the Spanish language.  Additionally, the United States anticipates that there will be thousands of pages of documents produced in discovery, comprised of wiretap documents, line sheets and pertinent call summaries, DEA reports, and subpoenaed bank documents covering the time period of 2006 through 2010.

2. The indictment in this case is related to the indictment in case number 10-cr-327-MSK.  Case no. 10-cr-327-MSK charges seven defendants with violations of the drug laws, including conspiracy. Defendants Martin Javier Alamos-Garcia and Dionisio Salgado are charged in both cases.  Both cases are derived from the same investigation; therefore, the discovery in this case and case no. 10-cr-327-MSK overlaps in that the charged conduct in both cases arose out of interceptions of the defendants over the same four target telephones.  In addition, DEA agents in the Northern District of Illinois intercepted

Defendant Dionisio Salgado over the telephone of a co-conspirator who has been federally charged in Illinois. The Illinois interceptions are related to the drug conspiracy charged in this case. The undersigned expects to receive additional discovery pertinent to Mr. Salgado from the United States Attorney's Office in Chicago, Illinois.

3. The United States is working diligently to produce discovery to defense counsel on or before January 7, 2011.

4 As of the date of this filing, five of the six defendants in this case have made their initial appearances. The remaining non-appearing defendant in this case, Martin Javier Alamos-Garcia, resides in Mexico, and his current whereabouts are unknown.

5. Depending, of course, on the approach taken by the defense, it is reasonably foreseeable that defense counsel will need at least 120 days to review the discovery material and prepare for pretrial motions or other pretrial matters, including wiretap motions. Under the circumstances, it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself, by either the defense or the prosecution, within the normal time limits established by Title 18, United States Code, Section 3161.

6. The Government respectfully asserts that the ends of justice will be served by the Court's finding and concluding that this case is complex within the meaning of Title18, United States Code, Section 3161(h)(7)(B)(ii), finding that at least 120 days of excludable speedy trial time is required at this stage to permit the parties to become familiar with the underlying investigation, and setting this case for an additional discovery/scheduling conference in approximately ninety days, consistent with the Court's calendar. The ends of justice served by such findings and continuance outweigh the best interests of the public and the defendants in a speedy trial. Moreover, the United States

is authorized to inform the Court none of the appearing defendants in this case oppose the motion.

7.   Finally, the United States respectfully requests that the Court set a hearing on this motion and continue pretrial discovery and suppression motion filing deadlines until after the determination of this motion.

Dated this 28th day of December, 2010.

Respectfully submitted,

JOHN F. WALSH
United States Attorney

By:   *s/ Michele R. Korver*
MICHELE R. KORVER
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Tel: (303) 454-0224
Fax: (303) 454-0409
**michele.korver@usdoj.gov**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 28, 2010, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to all counsel of record:

All counsel of record

 *s/ Michele R. Korver*
MICHELE R. KORVER
Assistant United States Attorney