IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case Number 10-cr-00614- MSK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MARTIN JAVIER ALAMOS-GARCIA,
2. NOE ALAMOS-MONTES,
3. DIONISIO SALGADO-MEZA,
4. **EFRAIN SALGADO-MEZA**,
5. MARIBEL SALGADO, AKA "CLARA SANCHEZ," and
6. **MARISELA SALGADO**,

    Defendants.

---

**JOINT RESPONSE IN OPPOSITION TO GOVERNMENT'S
JAMES PROFFER AND/OR MOTION TO STRIKE**

---

    **COME NOW** the defendants above-named, **Marisela Salgado** and **Efrain Salgado-Meza**, by and through their respective counsel, and hereby object to the Government's James Proffer (Doc. No. 100 and 100-1, filed June 10, 2011), and in the event the Government does not move to withdraw it, they request that it be stricken, **AND AS GROUNDS THEREFOR**, states as follows:

    1. Defendants Marisela Salgado and Efrain Salgado-Meza are the only appearing defendants in this case who have not filed a Notice of Disposition. They are not charged with conspiracy, or with any acts involving members of the charged conspiracy. They are charged only with structuring currency transactions, either individually or jointly with each other.

2. The Government's James Proffer contains no reference to Marisela Salgado or Efrain Salgado-Meza, either in its explanation of the charged conspiracy (Doc. No. 100) or in its summary of intercepted conversations it intends to introduce at trial. (Doc. No. 100-1.) It does not allege that either defendant is a member of any conspiracy.

3. None of the statements contained in the Government's James Proffer are admissible under Rule 801(d)(2) of the Federal Rules of Evidence (hereinafter Fed. R. Evid.) against Marisela Salgado or Efrain Salgado-Meza.

4. The Government's James Proffer fails to comport with the Court's directive of December 28, 2010 (Doc. No. 55.) The Court's Order states:

> When a *James* issue is raised, the Government is required to make a written proffer containing: (I) identification of the facts showing the existence, composition, scope, and object of the conspiracy; and <u>(ii) a specific identification of each statement that is to be offered, its declarant, and an explanation as to how that statement is admissible under Fed. R. Evid. 801(d)(2)</u>. This proffer is made on a form available from the Courtroom Deputy. The form <u>also includes a place for each Defendant to note those statements to which he or she objects and a place to state the nature of such objection.</u> (Emphasis supplied.)

5. The Government's proffered list of statements (Document No. 100-1, titled "*Co-Conspirator Statements Which the United States May Seek to Introduce at Trial and Summaries of the Statements Derived from Wire Interceptions*") fails to identify specific statements. Instead, it provides summaries of 154 telephone calls

intercepted pursuant to court-authorized wiretaps, none of which involve these two remaining defendants. The summaries are presented in a fashion similar to the "pertinent call summaries" section of wiretap line sheets. Each summary contains multiple statements by more than one declarant. As submitted, the Government's list fails to specifically identify each statement it seeks to introduce, its declarant, and the basis for the admission of such statement under Fed. R. Evid. 801(d)(2).

6. Instead of providing the basis for admission for each statement (or even for each summarized conversation) under Fed. R. Evid. 801(d)(2), the Government, in its main document (Doc. No. 100), provides a generic list of the kinds of statements courts have admitted in other cases and case law on James proffers. It fails to connect the various rulings to any individual statements in this case. In several instances, the Government's proffered list of call summaries (Doc. No. 100-1) includes its theory as to what is being discussed by the various participants to the calls, along with examples of non-testimonial evidence or events the Government associates with a particular intercepted conversation. Such theories and descriptions of non-testimonial evidence do not constitute a basis for admission under Fed. R. Evid. 801(d)(2), and should not be considered an acceptable substitute for the requirement that such basis be provided for each statement the Government seeks to introduce under said Rule.

7. The Government's proffered list also fails to include a "place for each Defendant to note those statements to which he or she objects and a place to state the nature of such objection." (Doc. No. 55.)

8. The Government's James Proffer should be rejected as to Marisela Salgado and Efrain Salgado-Meza, neither of whom are charged with conspiracy, drug or money laundering offenses, or alleged to be a member of any conspiracy. None of the conversations or statements of co-defendants and others contained in the Government's James Proffer are applicable to them or admissible against them.

9. Alternatively, since the Government's proffer fails to comport with this Court's Order of December 28, 2010 (Doc. No. 55), Defendants request that it be stricken.

**WHEREFORE,** defendants pray for the relief requested, and for such other and further relief as to the Court seems just and proper in the premises.

Respectfully Submitted,

s/ Jeralyn E. Merritt

_____
JERALYN E. MERRITT, Esq.
600 17th Street, Suite 2800-S
Denver, Colorado 80202
(303) 837-1837 (Phone)
(303) 832-6801(Fax)
Jeralynm@gmail.com
(e-mail)
Attorney for Marisela Salgado

4

s/ Joseph Saint-Veltri

_____
JOSEPH SAINT-VELTRI, Esq.
900 Logan St
Denver, Colorado 80203
(303) 832-6777 (Phone)
(303) 832-1631(Fax)
saintveltri@msn.com (e-mail)
Attorney for E. Salgado-Meza

## CERTIFICATE OF SERVICE (CM/ECF)

**I HEREBY CERTIFY** that I have this 11th day of July, 2011, electronically filed the foregoing **motion** with the Clerk of Court using the ECF system which will send notification of such filing to:

Michele Korver, Assistant U.S. Attorney
e-mail: Michele.Korver@usdoj.gov

and to the e-mail addresses of all counsel of record in the case.

s/ Jeralyn E. Merritt
_____