## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Criminal Case No. 10-cr-00614-MSK**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**4.   EFRAIN SALGADO-MEZA,**

    **Defendant.**

---

## RULE 11(c)(1)(B) 5K1.1 PLEA AGREEMENT,
## COOPERATION AGREEMENT AND STIPULATION OF FACTS

---

The United States of America, by District of Colorado United States Attorney John F. Walsh, through Assistant United States Attorney Michele R. Korver, and defendant Efrain Salgado-Meza, personally and by his attorney, Joseph Saint-Veltri, Esq., submit the following 5K1.1 Plea Agreement and Stipulation of Facts pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure and District Court of Colorado Local Rule 11.1.

It is the intention of the parties to resolve all pending federal criminal issues, excluding any tax issues, between the defendant and the Government. Discussions in relation to this plea agreement were and are entered into pursuant to Fed. R. Crim. P. 11 and Fed. R. Evid. 410 and United States Sentencing Guideline Section 1B1.8. The parties understand and agree that in the event the agreement represented herein is not accepted by the Court, is not entered into by the defendant, or the defendant fails to meet his obligations pursuant to this plea agreement, the Government will proceed with the prosecution of the defendant according to law, which may include obtaining superseding



COURT
EX. 1

indictments, filing additional charges, and pursuing Title 21, United States Code, Section 851 allegations, if applicable. See *Ricketts v. Adamson*, 483 U.S. 1, 9-12 (1987)(agreement void and government permitted to reinstate original charges when defendant failed to completely fulfill his obligations pursuant to the plea agreement).

## I. **PLEA AGREEMENT**

1. The defendant agrees to plead guilty to Count Twenty-Two of the Indictment, charging structuring, in violation of Title 31, United States Code, Section 5324(a)(3).

2. In consideration of this plea and the Court's acceptance of the plea of guilty, the Government agrees to dismiss all remaining counts of the Indictment, as to this defendant, at the time of sentencing.

3. The defendant agrees to timely file a notice of disposition, request a change of plea hearing date, and to withhold or withdraw any pretrial motions. In return, the Government agrees to request that the defendant receive a three-level decrease for timely acceptance of responsibility pursuant to United States Sentencing Guideline Section 3E1.1(a) and (b) and to recommend a sentence at the low end of the advisory Guidelines range.

4. The defendant agrees to provide truthful, complete and accurate information, and agrees to cooperate fully with the Government. Deliberate falsehoods or misinformation provided during his cooperation with the Government would be grounds for rescission of this plea agreement as well as possible further prosecution for perjury or false statements. This cooperation will include, but is not limited to, the following:

    a. The defendant agrees to be fully debriefed, and to attend all meetings, hearings, and trials at which his presence is requested, concerning his participation in and knowledge of all criminal activities.

    b. The defendant agrees to furnish to the Government all documents and other material that may be relevant to the investigation and that are in the defendant's possession or control.

    c. The defendant agrees that he will at all times give complete, truthful and accurate information and testimony and that he will fully and truthfully disclose all information with respect to the activities of himself and others concerning all matters about which the Government inquires.

    d. The defendant consents to postponements of his sentencing, as requested by the Government and as approved by the Court.

5. In further consideration of this plea, if the United States Attorney's Office for the District of Colorado determines, in its sole discretion, that the defendant has cooperated fully, provided substantial assistance to law enforcement authorities, and otherwise complied with the terms of this agreement, the Government, at the time of sentencing, will file a motion with the sentencing Court pursuant to Section 5K1.1 of the Sentencing Guidelines, provided the defendant continues to truthfully cooperate and does not retract or otherwise recant the information supplied.

6. It is understood that the Government's determination of whether the defendant has cooperated fully and provided substantial assistance, and the Government's assessment of the value, truthfulness, completeness, and accuracy of the cooperation, are within the Government's sole discretion. Moreover, the defendant shall not be entitled to withdraw his plea if the Government determines that he has not fully cooperated or elects not to file the above-described motion. The defendant's full cooperation, in the form of

testimony, if required, has not yet been completed; however, in consideration of this proposed cooperation, and pursuant to Section 5K1.1 of the Sentencing Guidelines, and Title 18, United States Code, Section 3553(e), the Government states its intention to recommend that the Court depart from the applicable advisory guideline range and statutory sentence and impose a sentence of **probation**. The nature and extent of the defendant's cooperation, as well as the final requested departure, if any, will be disclosed at the time of sentencing. The parties understand and agree that the decision of whether to file such a 5K1.1/3553(e) motion is entirely within the discretion of the Government.

7. The defendant also agrees that he shall assist the Government in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to his knowledge have accumulated as a result of illegal activities. Such assistance will involve an agreement on the defendant's part to the entry of an order enjoining the transfer or encumbrance of assets which may be subject to forfeiture. Additionally, the defendant agrees to identify to the best of his ability as being subject to forfeiture all such assets, and to assist in the transfer of such property to the United States by delivery to the Government upon request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property.

8. The defendant also agrees to forfeit to the United States voluntarily and immediately all of his right, title and interest to all assets, to the extent he has an interest, and/or their substitutes, in any related administrative or civil judicial forfeiture action, which

are subject to forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1) and 982(a)(1) and Title 21, United States Code, Sections 853 and 881, including, but not limited to:

- a. 375 Red Fox Drive, Gypsum, Colorado, 81637 – 2111-083-10-025. Cotton Ranch PUD, Timberwolf, Filing 3, Lot 107, Eagle County, Colorado;
- b. 231 Black Bear, Gypsum, Colorado, 81637 – 2111-083-01-008. Cotton Ranch PUD, Filing #1, Lot 16, Eagle County, Colorado;
- c. 241 Black Bear, Gypsum, Colorado, 81637 – 2111-083-01-009. Cotton Ranch PUD, Filing #1, Lot 17, Eagle County, Colorado.

The defendant further agrees that his plea agreement shall constitute a consent to forfeiture of the above-described property in any related forfeiture proceeding.

9.   The defendant also knowingly and voluntarily agrees to waive any claim or defense he may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to forfeited assets. Finally, the defendant agrees to waive any applicable time limits for the initiation of administrative forfeiture and/or further notification of any judicial or administrative forfeiture proceedings brought against said assets, and the defendant agrees to waive any appeal for the forfeiture.

## II. ELEMENTS OF THE OFFENSE

10.   The elements of a violation of Title 31, United States Code, Section 5324(a)(3), as charged in Count Twenty-Two of the Indictment are:

- a. On or about the dates charged and within the state and District of Colorado;
- b. the defendant knowingly structured or assisted in structuring a

transaction with a domestic financial institution; and

c.  the transaction was made with the intent to evade bank reporting requirements codified under Title 31, United States Code, Section 5313.

## III. STATUTORY PENALTIES

11.  The maximum statutory penalty for a violation of Title 31, United States Code, Section 5324(a)(3), as charged in Count Twenty-Two of the Indictment, is not more than five years imprisonment; not more than a $250,000.00 fine, or both; not more than three years supervised release; and a $100 special assessment fee. There is no restitution.

12.  The conviction may cause the loss of civil rights, including but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury. If the defendant is not a citizen of the United States, the convictions may cause the defendant to be deported from the United States. A violation of the conditions of probation or supervised release may result in a separate prison sentence.

## IV. STIPULATION OF FACTUAL BASIS AND FACTS RELEVANT TO SENTENCING

13.  The parties agree that there is no dispute as to the material elements which establish a factual basis of the offense of conviction.

14.  Pertinent facts are set out below in order to provide a factual basis of the plea and to provide facts which the parties believe are relevant. To the extent the parties disagree about the facts relevant to sentencing, the statement of facts identify which facts are known to be in dispute at the time of the plea.

15. The statement of facts herein does not preclude either party from presenting and arguing, for sentencing purposes, additional facts or factors not included herein which are relevant to sentencing in general.

16. At trial, the Government would prove beyond a reasonable doubt that the defendant knowingly structured transactions for the purpose of evading bank reporting requirements, specifically, the filing of a Currency Transaction Report (CTR). Title 21, United States Code, Section 5313 requires banks and other financial institutions to file a CTR with the Financial Crimes Enforcement Network (FinCEN) for cash transactions in excess of $10,000 or more.

From April 2007 through January 2009, the defendant and his wife Marisela Salgado made more than thirteen cash deposits into their personal and/or joint bank accounts which constituted structured transactions. Specifically as to Count Twenty-Two, on or about February 9, 2008, the defendant deposited $9,000 in U.S. Currency into his joint account with Marisela Salgado at 1st Bank, account #2232826XXX. That same date, a deposit of $6,000 in U.S. Currency was made into Marisela Salgado's personal account at American National Bank, account #1800000XXX. In a post arrest interview, Marisela Salgado admitted that she knew the money deposited into her and her husband's accounts were derived from drug proceeds.

American National Bank and 1st Bank are both domestic financial institutions affecting interstate and foreign commerce, and the defendant made the aforementioned cash deposits with the intent to evade the financial reporting requirements. All of the above conduct occurred in the District of Colorado.

## V. **SENTENCING COMPUTATION**

17.     The parties stipulate that sentencing in this case is to be determined by the Court based upon the sentencing factors in Title 18, United States Code, Section 3553 and calculations following the provisions of the U.S. Sentencing Guidelines, issued pursuant to Title 28, United States Code, Section 994(a), as applied by the Court in an advisory capacity.

18.     The parties understand that the Court may impose any sentence, up to the statutory maximum, regardless of any guideline range computed.

19.     To the extent the parties disagree about the sentencing factors, the computations below identify the factors which are in dispute. (Section 6B1.4(b))

- a.     Pursuant to Section 1B1.3, providing that relevant offense conduct includes all acts committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant, and sections 2S1.3(a)(2) and (b)(1)(A) and 2B1.1(b)(1)(F), the base offense level is **18** computed on the amount of funds involved in structured transactions, which is at least $120,000.
- b.     Assuming that the defendant timely filed a notice of disposition and withheld or withdrew any pretrial motions in this case, the defendant should receive a three-level downward adjustment for acceptance of responsibility. The resulting offense level is **15**.
- c.     The parties understand that the stipulation regarding criminal history of the defendant is tentative, and that the defendant is in a better position to know the relevant facts than is the Government. The criminal history category is more completely and accurately determined by the Probation Department, and additional facts regarding the criminal history can greatly affect the final guideline range. Nevertheless, the parties believe that the defendant is in Criminal History Category I.
- d.     The career offender/career livelihood adjustments **do not** apply.
- e.     The guideline range resulting from the offense level of **15** in b. above, and the criminal history category of I is **18-24 months**. The government, in its sole discretion, anticipates filing a U.S.S.G. Section 5K1.1 motion requesting a sentence of **probation**.
- f.     Pursuant to Section 5E1.2, the fine range for an offense level of 15 is $7,500-$75,000. The maximum possible fine is $250,000.

g.  The term of supervised release is not more than three years.

## VI. REASONS WHY THE PLEA AGREEMENT IS APPROPRIATE

20.  The plea adequately reflects the serious nature of the criminal activity engaged in by the defendant.

21.  This document states the parties' entire agreement.  There are no other promises, agreements (or "side agreements"), terms, conditions, understandings or assurances, express or implied.  In entering this agreement, neither the government nor the defendant have relied, or are relying, on any terms, promises, conditions or assurances not expressly stated in this agreement.

Respectfully submitted this 3rd day of Oct, 2011, at Denver, Colorado,

JOHN F. WALSH
United States Attorney
District of Colorado

By: _____  10/3/2011      x _Efrain Salgado_  10-3-2011
MICHELE R. KORVER    date              EFRAIN SALGADO-MEZA    date
Assistant U.S. Attorney                Defendant

_____  10/3/2011
JOSEPH SAINT-VELTRI    date
Attorney for Mr. Salgado-Meza