IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 10-cr-00614-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

3.    DIONISIO SALGADO-MEZA,

    Defendant.

_____

**MOTION FOR PRELIMINARY ORDER OF FORFEITURE**
_____

COMES NOW the United States of America, by and through Assistant United States Attorney Martha A. Paluch, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 982, Rule 32.2(b) of the Federal Rules of Criminal Procedure, and incorporating the Plea Agreement and Stipulation of Facts entered into with defendant Dionisio Salgado-Meza, moves this Court to enter a Preliminary Order of Forfeiture in this case forfeiting to the United States the defendant's interest in the following:

375 Red Fox Drive, Gypsum, Colorado, more fully described as:

> Lot 107, Cotton Ranch Planned Unit Development Timberwolf Filing (Filing 3), according to the final plat recorded September 18, 1996 in Book 705 at Page 680, County of Eagle, State of Colorado

and directing the United States Marshals Service, or its designated sub-custodian to seize the property subject to forfeiture, and to publish notice of the forfeiture. In support, Plaintiff states:

1

1.  On December 14, 2010, the grand jury charged defendant Dionisio Salgado-Meza in Count One with conspiracy to distribute, and possession with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 841 and 846; Counts Two through Seven with using a communication facility to conspire to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 843(b); and in Counts Eight, Nine, Eleven, and Thirteen with conducting and attempting to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions were designed to conceal the proceeds of a specified unlawful activity, and knowing that the transactions were designed in whole and in part to avoid a transaction reporting requirement, all in violation of 18 U.S.C. § 1956(a)(1)(B).  (Doc. 1).

2.  The Indictment also sought forfeiture from defendant Dionisio Salgado-Meza, pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1), of all property derived from proceeds obtained, all property used to facilitate the offenses, and all property involved in the commission of the offenses.  (Doc. 1, pgs. 26-28).  In its Bill of Particulars, the United States specified it was seeking forfeiture of defendant's interest in, *inter alia*, the following property:

375 Red Fox Drive, Gypsum, Colorado ("Red Fox Drive property"), which is more fully described as:

> Lot 107, Cotton Ranch Planned Unit Development Timberwolf Filing (Filing 3), according to the final plat recorded September 18, 1996 in Book 705 at Page 680, County of Eagle, State of Colorado.

3.  On September 20, 2011, the United States and defendant Dionisio Salgado-Meza entered into a Plea Agreement and Stipulation of Facts in this case. (doc. 140), in which defendant pleaded guilty to Count One of the Indictment, the drug

2

conspiracy count, in violation of 21 U.S.C. § 846 and 841(a)(1) and (b)(1)(A), and Count Eight, charging defendant with a money laundering conspiracy in violation of 18 U.S.C. § 1956(h) and (a)(1)(B)(i) and (ii).  The Plea Agreement further provides that the defendant shall forfeit to the United States any and all interest he may have in, *inter alia*, the Red Fox Drive property described above.[1]  The facts as set forth in the Plea Agreement provide an ample basis for an order of forfeiture in accordance with 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1).

4. Pursuant to Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, the Court may enter a Preliminary Order of Forfeiture as soon as practicable after entering a guilty verdict or accepting a plea of guilty.

5. Based upon the evidence set forth in the plea agreement, the United States has established the requisite nexus between the property and the offense(s) to which defendant Dionisio Salgado-Meza has pleaded guilty.  Accordingly, the defendant's interest in the Red Fox Drive property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1).

6. A Preliminary Order of Forfeiture is necessary in order for the United States Marshal to seize the property subject to forfeiture.  In addition, 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 982(b)(1), requires that third parties who may have an interest in the property receive notice, via publication, or to the extent practical, direct written notice, of the forfeiture and the United States' intent to dispose of the

---

[1] Although in his plea agreement, defendant Dionisio Salgado-Meza also agreed to forfeit his interest in 231 Black Bear, Gypsum, Colorado, and 241 Black Bear, Gypsum, Colorado, there is insufficient equity in these properties to proceed with forfeiture proceedings.  Therefore, the government is not seeking criminal forfeiture of these two properties at this time.

property. The United States Marshal cannot effect the seizure, notice, and publication without a preliminary order of forfeiture.

WHEREFORE, the United States moves this Court to enter the Preliminary Order of Forfeiture tendered herewith, for the reasons set forth above.

Dated this 28th day of October, 2011.

>Respectfully submitted,
>
>JOHN F. WALSH
>United States Attorney
>
>By: s/ *Martha A. Pauch*
>MARTHA A. PALUCH
>Assistant United States Attorney
>1225 17th Street, Suite 700
>Denver, Colorado 80202
>Telephone: (303) 454-0100
>FAX: (303) 454-0402
>E-mail: martha.paluch@usdoj.gov
>*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of October, 2011, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notice to the following participants:

Michele R. Korver
*Attorney for the United States*

Nathan Dale Chambers
*Attorney for Defendant Dionisio Salgado-Meza*

Jeralyn E. Merritt
*Attorney for Defendant Marisela Salgado*

Joseph Saint-Veltri
*Attorney for Defendant Efrain Salgado-Meza*

Adam Michael Tucker
Jesse Luke Wiens
*Attorneys for Defendant Noe Alamos-Montes*

s/ *Raisa V. Pitman*
FSA Data Analyst
Office of the U.S. Attorney