```
 1                IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF COLORADO
 2
     Criminal Action No. 10-cr-00614-MSK
 3
     UNITED STATES OF AMERICA,
 4
          Plaintiff,
 5
     vs.
 6
     EFRAIN SALGADO MEZA,
 7
          Defendant.
 8
     _____
 9
                          REPORTER'S TRANSCRIPT
10                      (Sentencing Hearing:  Order)

11   _____

12         Proceedings before the HONORABLE MARCIA S. KRIEGER,

13   Judge, United States District Court for the District of

14   Colorado, occurring at 2:06 p.m., on the 30th day of January,

15   2012, in Courtroom A901, United States Courthouse, Denver,

16   Colorado.

17                              APPEARANCES

18         MICHELE KORVER, Assistant U.S. Attorney, 1225 17th

19   Street, Suite 700, Denver, Colorado, 80202, appearing for the

20   plaintiff.

21         JOSEPH SAINT-VELTRI, Attorney at Law, 900 Logan Street

22   Denver, Colorado, 80203, appearing for the defendant.

23

24    Proceeding Recorded by Mechanical Stenography, Transcription
        Produced via Computer by Paul Zuckerman, 901 19th Street,
25         Room A259, Denver, Colorado, 80294, (303) 629-9285
```

1    (The following proceedings were had and entered of record
2  after the Court heard the arguments of counsel and statement of
3  defendant:)
4        *THE COURT:*  Thank you.
5        Then I'll announce the sentence I intend to impose.
6  Of course, Counsel, you'll have a final opportunity to make
7  legal argument before judgment is entered.  And if you believe
8  this sentence is premised upon legal error or it raises an
9  issue that you haven't had adequate time to consider or
10 research or address, please request a continuance.
11       Imposition of a sentence in federal criminal case is
12 governed by a number of statutes.  The umbrella statute is 18
13 U.S.C. Section 3553.  In imposing sentence in this case, the
14 Court considers the objectives and the factors set forth in
15 Section 3553(a).  This provision requires the Court to impose a
16 sentence that is sufficient but not greater than necessary to
17 satisfy particular objectives.  The sentence must reflect the
18 seriousness of the offense, promote respect for the law,
19 provide just punishment, adequately deter criminal conduct,
20 protect the public from further crimes by the defendant, and
21 provide the defendant with needed educational or vocational
22 training, medical care, or other correctional treatment in the
23 effective manner.
24       In order to fashion a sentence that meets these
25 objectives, the statute directs Court to consider the nature

1  and circumstances of the offense, the history and
2  characteristics of the defendant, the kinds of sentences that
3  are available, the sentence prescribed by the Federal
4  Sentencing Guidelines, the need to avoid unwarranted sentence
5  disparities among defendants with similar records found guilty
6  of similar conduct, and in the appropriate case the need for
7  restitution.
8       At the beginning of this hearing, I asked Counsel
9  whether they had had an opportunity to review the documents
10 that I had reviewed; and they had.  They didn't identify any
11 other documents that should be reviewed.
12      I understand that there is no disagreement as to the
13 factual contents of the presentence report and that there is no
14 disagreement with the calculation of the sentence under the
15 Federal Sentencing Guidelines.
16      The base offense level here for violation of 31 U.S.C.
17 Section 5324(a)(3) is set by bring Sentencing Guidelines
18 Section 2S1.1.  This section states that the base offense level
19 is 8 plus the number of offense levels from the table found at
20 Section 2B1.1.  Here there is an increase of 10 levels,
21 resulting in a base offense level of 18.
22      Then there is an adjustment for acceptance of
23 responsibility.  There is a three-level downward departure,
24 which is the maximum reduction for acceptance of
25 responsibility.  It results in a total offense level of 15.

1        We turn then to the criminal history points that
2   result from the defendant's criminal history.  There are none;
3   and that puts him at the bottom end of the lowest category of
4   criminal history, Category I.  With a total offense level of 15
5   and a criminal history of I, the guidelines recommend 18 to 24
6   months of incarceration, one to three years of supervised
7   release, a fine of 4,000 to $40,000, and a special assessment
8   of $100 is mandated by statute.
9        The Government has moved pursuant to section 5K1.1 in
10  Docket No. 191 for a downward departure due to the defendant's
11  cooperation and requested a probationary sentence.  Thus, the
12  guideline calculation becomes probation, fine, and then the
13  statutory special assessment.
14       There is no argument as to the conditions for
15  probation.  The parties are in agreement that there should be
16  no drug testing because there is no evidence of future
17  substance abuse in the presentence report.
18       They disagree with regard to a fine.  The probation
19  officer has concluded that a fine is not recommended.
20       I disagree.  I believe the defendant has assets from
21  which he can pay a fine.  And although he has stated that he
22  anticipates that his cash reserves are going to be used to fund
23  his daughter's college education, quite frankly, I heard the
24  same thing from his ex-wife at an earlier hearing today.  And
25  were I to put the two sums together, they would more than

1   exceed the amount that's probably necessary for her college
2   education.  But importantly, there isn't any documentation that
3   shows that that is what they are being used for.  And his funds
4   here are in a savings account and in a checking account that he
5   purportedly has sole control over.  In addition, his monthly
6   expenses show $500 a month being allocated to his daughter, so
7   I'm assuming that his contribution is at least partially
8   reflected in that monthly cash outlay on behalf of his
9   daughter.
10          The Court also notes that his monthly income more than
11  covers his monthly expenses; and therefore, I find that he is
12  able to pay a fine.
13          In this case, in keeping with the objective of
14  avoiding unwarranted sentence disparities among defendants with
15  similar records found guilty of similar conduct, I agree with
16  the suggestion by Ms. Korver that the fine be the same as what
17  his ex-wife's fine was, $7,500.
18          I therefore intend to impose the following sentence,
19  taking into account all of the sentencing objectives and the
20  sentencing factors of 18 U.S.C. Section 3553, of a two-year
21  term of probation with a payment of a $7,500 fine to be due and
22  payable immediately, and special assessment of $100, which is
23  mandated by statute.
24          Is there any need for clarification or further
25  explanation?

1  *MR. SAINT-VELTRI:*  Your Honor, would the Court
2 consider "immediately" to include the remainder of the week in
3 order to enable him to get a check drawn from his account and
4 pay it into the Clerk's Office?
5  *THE COURT:*  Any objection?
6  *MS. KORVER:*  No, your Honor.
7  *THE COURT:*  All right.  Then I'll say within seven
8 days.
9  Having considered, then, all of the provisions of 18
10 U.S.C. Section 3553, pursuant to the Sentencing Reform Act of
11 1984, it is the judgment of the Court that the defendant,
12 Efrain Salgado Meza, be placed on probation for a term of two
13 years.
14  While on probation, he will not commit another
15 federal, state, or local crime, shall not possess a firearm as
16 defined in 18 U.S.C. Section 921, and shall comply with the
17 standard conditions that have been adopted by this court.  He
18 will not unlawfully possess a controlled substance.  He'll
19 refrain from any use of a controlled substance.  He'll
20 cooperate in the collection of DNA as directed by the probation
21 officer; but the Court waives the requirement of drug testing,
22 finding that there is no indication of future substance abuse
23 or a likelihood of future substance abuse in the presentence
24 report.
25  In accordance with Rule 32.2 of the Federal Rules of

1  Criminal Procedure, he will forfeit his interest in the
2  property specified in the presentence report.  He will pay a
3  fine of $7,500 due and payable within seven days, and he will
4  pay a special assessment of $100, which is due and payable
5  immediately.
6       His bond is exonerated, and I advise him of his right
7  to appeal his sentence.
8       Mr. Salgado Meza, if you desire to appeal, a notice of
9  appeal must be filed with the Clerk of the Court within 14 days
10 after entry of judgment, or you lose your right to appeal.
11 Ordinarily, Mr. Saint-Veltri would file the notice of appeal
12 for you; but if he's unwilling to do so or unable to do so and
13 you request, I'll direct the Clerk of the Court to file a
14 notice of appeal on your behalf.
15      Is there any further business to bring before the
16 Court in this matter?
17      *MS. KORVER:*  No, thank you, your Honor.
18      *MR. SAINT-VELTRI:*  No, your Honor.
19      *THE COURT:*  Thank you, Ms. Korver; thank you,
20 Mr. Saint-Veltri; thank you to our probation officer and to our
21 court staff and marshal's staff.  That will conclude this
22 matter, and we'll stand in recess.
23    (Recess at 2:16 p.m.)
24                       *  *  *  *  *
25

**REPORTER'S CERTIFICATE**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.  Dated at Denver, Colorado, this 30th day of January, 2012.


*S/Paul A. Zuckerman*
Paul A. Zuckerman